JANNETTA STAFFORD and Husband *v.* JOHN DUNWOODIE.

A wife has a privilege on the moveables of her husband, for her dotal, but not for her paraphernal property. For the latter, she has only a tacit or legal mortgage, on his immoveables. C. C. 2367, 3182.

Defendant having seized under a *fi. fa.* certain moveables belonging to the husband of the plaintiff, the latter procured an injunction, pending which she obtained a judgment against her husband in a suit for separation of property, and, in virtue thereof, caused the moveable property, previously seized by defendant, to be sold, and purchased it herself, crediting the amount upon her judgment. On a motion to dissolve the injunction: *Held*, that by his seizure defendant had acquired a privilege on the moveables seized; that the rights of the wife, being merely paraphernal, gave her no privilege on the moveables; and that having, by the effect of her seizure, disabled the defendant from enforcing his privilege, she was responsible in damages for the injury he sustained from her act.

APPEAL from the District Court of Rapides, *King*, J.

SIMON, J. The plaintiff Jannetta Stafford, is appellant from a

judgment dissolving an injunction, which she had obtained, to arrest the sale of certain property belonging to her husband, which had been seized at the suit of the defendant, Dunwoodie, and condemning her to pay the sum of $3975, being the amount of the damages sustained by the defendant from the effect of the injunction, and also $500 as counsel fees.

The facts of the case show, that sometime in March, 1840, J. Stafford sued her husband for a separation of property; that on the second of June following, executions having been issued at the suit of Dunwoodie against her husband, were levied upon certain personal property which belonged to him ; and that in August ensuing, the sheriff was enjoined, at the suit of the plaintiff, J. Stafford, from proceeding any further on the writs then in his hands. In the mean time, during the pendency of that action, she obtained judgment against her husband for a large sum of money, by virtue of which she caused all his property to be seized and sold in satisfaction thereof; and the personal property which had been previously seized on by the sheriff, was included in and was a part of the property sold to satisfy her execution. She received the proceeds of the sale, by purchasing the property herself, and crediting the amount thereof on her execution, so that when the present case was tried, the defendant had, by her act, lost the means which he previously had, of obtaining the satisfaction of his executions out of the sale of the property seized by virtue thereof.

We think the District Judge did not err. The rights which the plaintiff, J. Stafford, set up and enforced against her husband, were merely *paraphernal*, and not dotal; she had, therefore, no privilege on his personal property, but simply a tacit or legal mortgage on his immoveable estate. Civ. Code, arts. 2367 and 3182. On the other hand, the defendant, by the effect of his seizure, had acquired a privilege on the property seized, (Code of Pract., art. 722,) which he could not be deprived of by her ; and if he was subsequently prevented or disabled from enforcing his privilege, it was owing to the fault or act of the plaintiff J. Stafford, under the protection of the writ of injunction issued at her request. It is clear, therefore, that the injunction was wrongfully sued out.

The record shows that the property seized was worth the amount established by the lower court as the *quantum* of damages sustained by the defendant, and we think they were correctly and properly allowed.

With regard to the counsel fees, we are of opinion that instead of five hundred dollars, two hundred and fifty dollars only should be allowed. This appears to us to be a sufficient and reasonable compensation in this case.

It is, therefore, ordered, that the judgment of the District Court be affirmed, except so far as it allows $500 for counsel fees, and that the same be reversed as to the said sum of $500, instead of which, it is ordered that the defendant recover only two hundred and fifty dollars for such fees, and that the costs of this appeal be borne by the appellee Dunwoodie, those of the lower court to be paid by the appellant.

*Flint*, for the appellant.

*Hyams*, for the defendant.