### JEANNETTA STAFFORD *v.* JOEL K. MEAD.

A wife has no privilege on the moveables of her husband, for her paraphernal property. C. C. 3182.

Where the judgment enjoined bears interest at ten per cent a year, the interest will not be increased on the dissolution of the injunction ; but whatever may be right, will be allowed as damages.

A suggestion of the death of the appellee before the commencement of the action, made by the appellant, will not be noticed, where the opposing counsel declares in open court, that he is authorized to appear for the representatives of the deceased, and waives the right to have them called upon to defend the cause. *Per Curiam :* The objection, to have any weight, should have come from them.

APPEAL from the District Court of Rapides, *King*, J.

SIMON, J. The defendant, Mead, having obtained a judgment against the plaintiff's husband for the sum of $7000, with ten per cent interest per annum, from the 22d of March, 1839, until paid, an execution was issued thereon, which was levied on certain articles of personal property belonging to the defendant in execution, when the plaintiff obtained and sued out a writ of injunction to arrest the sale of the property seized, on the grounds, that having heretofore obtained judgment against her husband for a large sum of money, a mortgage was accorded to her on all the property and effects of her said husband, and that the property seized was subject to the lien and privilege which

she intended to exercise thereon by virtue of her said judgment, which, for want of time, she had not been able to carry into execution.

The judgment of separation of property between the plaintiff and her husband, shows that the sum therein specified to be recovered by the plaintiff, with the benefit of a mortgage upon all the real estate and slaves of her said husband, was the amount of *paraphernal funds*, received and used by the latter during the marriage.

The injunction having been dissolved below, the plaintiff was condemned to pay to the defendant $840, being ten per cent interest on the amount enjoined ; and the further sum of $1680, being twenty per cent, as damages on said amount ; and also $100, special damages ; and from this judgment she appealed.

On the merits of this case, it is clear that the injunction was wrongfully sued out. In the case of the same plaintiff against Dunwoodie, (3 Rob. 276), which presented the same state of facts as the foundation of the action, we held that " the rights which the said plaintiff sought to enforce against her husband, were merely *paraphernal*, and not dotal ; and that, therefore, she had no privilege on his personal property." It is, therefore, perfectly clear, that she could not, in this case, deprive the creditor of the benefit which resulted in his favor from the levying of his execution on the personal property of his debtor, and that the injunction was properly dissolved.

But the appellant complains, that the judge *a quo* allowed the appellant ten per cent interest on the amount enjoined, and twenty per cent damages thereon, whilst the judgment enjoined already bears interest at ten per cent. We think that, in this particular, the judgment appealed from must be corrected. In the case of *De Lizardi et al.* v. *Hardaway et al.*, we recognized the rule already sanctioned in several of our previous decisions, that where a debt bears ten per cent interest, we will not increase it ; but we will allow, in the way of damages, whatever may be right. 19 La. 300, 317. 3 Rob. 128. Here, the judgment enjoined bears ten per cent interest ; and we are of opinion, that the part of the judgment appealed from, which allows ten per cent more ought to be reversed.

We think, further, proper to remark, that after this case had been fixed for trial, the appellant's counsel having suggested the death of the appellee before the institution of the suit, and filed a written motion to remand this case to the court below for a new trial, on the ground that said appellee's representatives had never appeared in the defence of the same, this motion was opposed by the appellant's counsel, who disclaimed any necessity for calling the appellee's representatives to defend the cause on the appeal, declaring that he was authorized to represent them.  On referring to the record, we find also that the appellee's counsel appeared in the name of his client, so far back as the October term of this court, 1842, and filed a written motion to dismiss this appeal, on the ground that said appellee had never been legally cited.  This appears to have been abandoned by the appellee's counsel, whose declaration, in open court, that he was authorised to represent the representatives of the deceased, and ready to proceed to the trial of this cause, ought to be considered by us as a sufficient appearance on the part of his clients, although not having been cited during the pendency of the appeal.  The objection to have any weight, should have come from the latter, and not from their adversary.

It is, therefore, ordered and decreed, that the judgment of the of the District Court, so far as it allows to the defendant, Mead, the sum of eight hundred and forty dollars, as being ten per cent interest on the amount enjoined, be avoided and reversed; that the same be affirmed in all other respects; and that the appellee pay the costs of this appeal.

*Waters*, for the appellant.

*Elgee*, for the defendant.