*BENSON vs. SMITH.*

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

A mutual understanding or agreement between the obligor and obligee of

a note, to have the contract for which it is given rescinded, and the note cancelled, will be considered binding, although omitted or neglected to be actually carried into effect ; and a recovery on the note will be withheld.

The plaintiff sold to the defendant a lot of ground, opposite to the town of Alexandria, on the river, for $350, with interest. A note was executed, dated March 17, 1819, for 350 dollars. At the time of the sale, a bridge was about to be built across Red River, which would have connected the two sides, and rendered the lot purchased very valuable. The scheme of building the bridge, was soon afterwards abandoned, and the property became comparatively worthless. Benson made a proposition to Smith to rescind the contract, on the latter's agreeing to pay all costs. The latter assented. The parties went to the parish judge's office, to have their new agreement carried into effect, but the judge not being in, nothing more was done in the matter. Benson afterwards left the country, but ordered suit to be instituted against Smith on the note. On the trial, the defendant had a verdict and judgment. The plaintiff appealed.

*Flint*, for plaintiff, submitted the case without argument. No counsel appearing for the defendant.

*Martin J.* delivered the opinion of the court. This is an action on a promissory note. The defendant had a verdict and judgment. The plaintiff made an unsuccessful attempt to obtain a new trial, and appealed.

The execution of the note was admitted, but the defendant drew the following facts from the plaintiff by interrogatories. The note was given for the price of a lot on the side of Red River, opposite to Alexandria, where the plaintiff had laid out a tract of land into lots, several of which he sold. The building of a bridge across the river was, at that time, spoken of. The plaintiff, as well as many others, believed it would take place, but this was not made a part of the contract in the sale of the lots to the defendant.

The plaintiff proposed to the defendant afterwards to

Western District
October, 1830.

BENSON
vs,
SMITH.

rescind the sale, on the latter paying all expenses, which he promised to do : And the plaintiff thinks they went together to the court-house to effect this, but not finding the judge there, they parted without doing it; and the plaintiff continued willing to have it done, till his departure from the country, about three years ago, but the defendant never renewed the proposition, or evinced any disposition to avail himself of it.

A mutual understanding or agreement between the obligor and obligee of a note, to have the contract for which it is given, rescinded, and the note cancelled, will be considered binding, altho' omitted or neglected to be actually carried into effect; and a recovery on the note will be withheld

The case has been submitted to us without argument, and it does not appear to us the jury erred. The contract on which the note was given, appeared to us to have been rescinded by the mutual consent of the parties, and a new one entered into, by which the defendant bound himself to pay the expenses attending the sale.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.