*Court of Appeals, Second Circuit, Parish of Catahoula.*

### E. T. WALTERS *v.* JNO. M. FAULK, Sheriff, *et al.*

1. Injunction, like other judicial bonds, are construed with reference to the law under which they are taken; and superadded clauses will be rejected and omitted ones supplied.
2. Where a defendant in injunction, upon motion to dissolve, prays to have the plaintiff therein, and his surety upon the bond, condemned in damages, this is an acceptance of the bond on the part of the creditor.

*Appeal from the Seventh Judicial District Court, Parish of Catahoula. Elam, Judge.*

*Josiah F. Ellis* for defendants.

Plaintiff, appellee, not represented.

FARMER, J.—This injunction was dissolved, or rather "dismissed," on motion of the seizing creditor, defendant, on the ground " that the bond given by the plaintiff is not such as the law requires, it being made payable to the clerk of the Court, instead of the defendant, as required by law."

Damages were prayed for in the motion ; and judgment for damages and interest was rendered against the plaintiff and security *in solido,* in favor of the seizing creditors.

The plaintiff and his surety appealed. Defendant prays for affirmance of the judgment and damages for a frivolous appeal.

The injunction bond recites : " That we, E. T. Walters, as principal, and ———, as his surety, are held and firmly bound unto John Dosher, clerk of the Twelfth District Court, in the sum of five hundred dollars, for the payment of which we bind ourselves firmly and *in solido.*" " The *condition* of this bond is such that, whereas, the above bound principal has sued out an injunction enjoining the execution of a judgment, styled

Mrs. E. R. Eubanks *v.* W. W. Walters *et al.*" "Now if the said principal shall pay all damages sustained by said Mrs. E. R. Eubanks, in case it should be decided said injunction was wrongfully obtained, then this bond to be null and void, otherwise to remain in full force and effect."

We think that this bond is "in favor of the defendant," within the meaning of Art. 304, C. P. True, it declares that the principal and surety are bound to the clerk, for five hundred dollars, for the payment of which they are bound *in solido.* But the remainder of the bond shows that it does not concern the clerk, but does concern the defendant, and that it is conditioned for the payment of such damages as she, not the clerk, may suffer. It cannot be held that the obligors agree to pay the clerk the damages which the defendant sustains.

It is settled that judicial bonds must be construed with reference to the law and the order under which they are taken; and that, in a judicial bond, any clause which is superadded must be rejected and any that is omitted must be supplied. 16 La. An. 174, 196; 15 La. An. 551; 19 La. An. 91; 22 La. An. 536; 29 La. An. 860. This has been applied to injunction bonds. 2 La. 102; 1 Rob. La. 45; 7 La. An. 158; Mason *v.* Fuller, 12 La. An. 69; V. S. & T. R. R. *v.* Barksdale, 15 La. An. 466. In the last case, the injunction bond was made payable to the sheriff and not to the seizing creditors. And the condition of that bond was not as strong in favor of the seizing creditor as it is in the present one. There, the Supreme Court held that the bond was sufficient to bind the principal and surety for damages in favor of the seizing creditor. The same construction applies here. In this very case, the seizing creditor claims this bond, as enuring to her benefit, and has prayed for and obtained damages against the surety on it. This is an acceptance of the benefit of the bond; and is inconsistent with the position that it is not a sufficient legal bond.

If it is sufficient to sustain a judgment for damages, on the trial of the motion to dissolve, it is equally sufficient to sup-

port a final judgment for damages on the merits. Under the authorities, *as they now stand,* we find the present bond is sufficient. Therefore, it is adjudged and decreed that the judgment of the District Court is reversed ; that the motion to dissolve is overruled ; that the injunction is reinstated; that this case is remanded to the District Court for further proceedings, according to law; and that the appellees pay the costs of this appeal.