## No. 8802.

## T. O. Meaux vs. W. B. Pittman et als.

In an action on an injunction bond furnished to stay execution of an order of seizure and sale, the damages provided for by Article 304 of the Code of Practice, which are punitory, in their character, cannot be allowed. In such an action only specially alleged damages can be recovered.

In such cases, however, counsel fees for the dissolution of the injunction may be allowed, even when not proved to have been paid; it suffices that the liability therefor has been incurred.

An exception that the action is premature is dilatory in its character, and must be pleaded *in limine.*

APPEAL from the Eighth District Court, Parish of Madison. *Delony,* J.

### *J. O. Seale* for Plaintiff and Appellee:

1. In a suit for damages on an injunction bond, if the record shows that the equitable remedy of injunction has been abused and the administration of justice has been trifled with, then, and in such case the court will assess against such party the highest damages allowed by law. 23 An. 799.

2. There is no doubt that the decree for the issuance of the executory process is a final judgment, exhausting the power of the court *quoad* the application, leaving nothing to be decided and no contest or issue between the parties. 32 An. 406, Meaux vs. Pittman.

*Walton Farrar, E. D. Farrar* and *Alf. B. Pittman* for Defendants and Appellants.

The opinion of the Court was delivered by

Poché, J. This is an action for damages against the principal and his surety on an injunction bond, and is predicated on the following facts and proceedings:

As holder of several promissory notes secured by mortgage and vendor's privilege on a plantation owned by the defendant, Pittman, plaintiff sued out executory process against the mortgaged property in November, 1879.

On showing that he was a resident of the State of Mississippi, defendant obtained an order of removal of the case to the United

Meaux vs Pittman et als.

States Circuit Court, District of Louisiana, which order was, on appeal to this Court, reversed and set aside.    See Meaux vs. Pittman, 32 An. 405.

Whereupon the defendant then instituted, in the District Court of Madison, a suit for the purpose of enjoining the seizure and sale of his property, and on his motion, that suit was removed to the United States Circuit Court, where his injunction was subsequently dissolved, and the seized property was thereafter sold by the sheriff of Madison Parish.

Plaintiff now seeks to recover as damages ten per cent. on the amount of his claim, twenty per cent. on the same as general damages, and counsel fees incurred in the proceedings for the dissolution of the injunction, which he values at five hundred dollars.

The defense is a general denial, followed by a special denial of the right of plaintiff to claim statutory damages for the dissolution of an injunction staying an executory process.

With the exception of his claim for attorney's fees, incurred for services in the motion to dissolve the injunction, plaintiff's petition discloses no special damages on account of the injunction, and it is evident that the damages which he claims are those provided for in Article 304 of the Code of Practice.

Defendant's proposition under his answer is, that none of the provisions of that Article apply to an action for damages alleged to have been caused by an injunction staying the execution of an order of seizure and sale, but refer exclusively to cases growing out of an injunction of a judgment, as contradistinguished from a writ of executory process, which contains but few of the features and elements of a judgment.

As a new question, defendant's proposition might be met with very strong arguments, but his position is sustained by several recent decisions of this Court, under which the distinction invoked by him has been sanctioned and authorized, and must now be considered as firmly settled in our jurisprudence.    Dejean vs. Hebert, 21 An. 729 ; Thompson vs. Lemelle, 32 An. 932 ;  Burgess vs. Gordy, 32 An. 1296 ; Testard vs. Belot, Opinion Book No. 55, p. 241 ; Hodgson vs. Roth, 33 An. 941.

The rule established under the authorities is, that not only the damages, punitory in their character, allowed under Art. 304, Code of Practice, cannot be granted in the same judgment which dissolves an injunction of an order of seizure and sale, but that, in such cases, these damages of ten per cent. interest on the amount of the judgment, and twenty per cent. on the same as special damages, cannot be recovered

even in a separate action on the injunction bond. In such cases the recovery must be predicated on allegation and proof of special damages as the result of the injunction. Hence, there was error in the judgment allowing ten per cent. damages to plaintiff on the amount of his original claim against the defendant.

2. Defendant's next proposition is, that counsel fees cannot be allowed when not proven to have been actually paid.

On this point, which has been frequently considered in our courts, we find a slight conflict of opinion in our jurisprudence. But, after a serious examination and comparison of numerous opinions, we find the preponderance of authority in support of the proposition that, in such cases, counsel fees, though not shown to have been actually paid, may be allowed; it suffices that the liability therefor be incurred.

In the present case the value of the attorney's fees incurred in the proceedings for the dissolution of the injunction has been established and proved by competent testimony. Pargoud vs. Morgan, 2 La. 102; Ricard vs. Hiriart, 5 La. 246; Hereford vs. Babin, 14 An. 333; Brown vs. Lambeth, 2 An. 822; McRae vs. Brown, 12 An. 181. Hence, we find no error in that part of the judgment which allows to plaintiff counsel fees in the sum of three hundred and fifty dollars. It is supported by evidence of the nature and of the value of the services rendered.

In a brief filed since the oral argument of this case, defendant suggests the point that, in the absence of any allegation of the final determination of Pittman's injunction suit in the Federal Court, a suit for damages is premature, and hence, the present action cannot be maintained. It is obvious, as an elementary proposition in our system of practice, that this objection, which is at most a dilatory exception, should have been specially pleaded and should have been made *in limine*. After an answer joining issue on the merits, this defense is always considered as waived. This conclusion is irresistible when the point is suggested for the first time in a brief filed after submission of the cause on appeal.

The judgment of the lower court is therefore reversed, in so far as it allows ten per cent. as damages on plaintiff's original mortgage claim against defendant, for which damages and for the additional damages of twenty per cent., plaintiff's demand is rejected; and it is ordered that said judgment as thus amended be affirmed, costs of appeal to be paid by plaintiff, and costs in the lower court by defendant.