REGAN,; Judge
(concurring).
■ The majority opinion finds as á 'fact that there was ‘no meeting of the' minds between plaintiff and defendant with respect to the sale and purchase of the television receiver, the subject of this litigation, and, therefore, no contract of sale existed.
The. reasons for • judgment written by the court, a qua, impressed upon the author *635 that initially a question of law and not one ■of fact had ‘been raised by that court and presented to this court, which, because of the very nature of our appellate jurisdiction, required primary consideration in the majority opinion of this Court.
In conformity with this view of the matter, and for the purpose of this concurring opinion, the author is accepting the trial court’s finding of fact that there was a complete meeting of minds with respect to the sale arid purchase of the television receiver, which is a view most favorable to the defendant; however, the author retains his .opinion that the judgment of the •court, a qua, should be reversed and that plaintiff should be permitted to recover for the reason that the sale of the television receiver was abrogated by mutual agreement and, in this connection, it is interesting to note the following extract from the trial judge’s reasons for judgment:
“.There is evidence to the effect that the president of the defendant corporation agreed to take the set back, because the plaintiff coinplained that it was not in accordance with his idea of what .he had purchased; that, as he said, he believed he was going to get a set encased in a beautiful cabinet. The complaint was made after the set was delivered. The testimony of the president of- the defendant corporation to the effect that he had not agreed to take back the set is at variance with paragraph 3 of defendant’s answer, in which it is stated:
“ ‘The defendant admits that the plaintiff contacted its president regarding the said set, but avers that at the time the president ■ did not know the facts, and believed that the said sale had not been consummated by its General Manager, N, Bunol, who had full charge of all such matters, plaintiff was then advised that said set' would not be taken back, and insisted on full payment by said plaintiff.’
“This court believes the testimony of the plaintiff in this respect, that the defendant’s President did agree to take■ the set back, but there was no consideration for such gratuitous agreement to tc-ke the set back and cancel the sale.” (Italics ours.)
The author is in'full accord with the trial court’s findings of fact “that the defendant’s president (Dr. LaNasa) did agree to take the set back” a fortiori in the author’s opinion only the question of the trial court’s interpretation of the law that “there was no consideration for such a gratuitous agreement to take the set' back and cancel the- sale” is posed for consideration.
The author is of the opinion that the trial court’s interpretation of the law in this respect was in error. As paradoxical as it may seem, both counsel for plaintiff and defendant rely on the case of Noto v. Blasco, La.App., 198 So. 429, 431, to sustain their respective adverse contentions. The facts in that case are that plaintiff entered into a contract on February 7th, 1938, with defendant to purchase three lots of ground for $1,700.00, and that on that day he gave his check for $50.00 to defendant’s agent. Plaintiff alleged that four days after the contract was entered into, defendant' requested a release from the contract to sell these lots, giving ás a reason, among others, that he and his wife wanted to build a duplex thereon ,and that they had no intention of selling them to any one else. Plaintiff did release the defendant from his contract to sell • the lots and defendant returned the check 'for $50.00 to the plaintiff. --Defendant, a few days after the release was granted, sold the lots to one,- Tuminello, for $1,850.00. The prayer ,of plaintiff’s, petition was for damages representing the difference in the price for which plaintiff agreed to purchase the lots and the price for which they were sold to , Tuminello and, in the alternative, that if the contract was not a- sale, but only a promise of sale with the giving of earnest money, that he recover $50.00 as earnest money. Plaintiff contended that the release which he granted to defendant should be annulled because (1) the release was invalid because it was not in writing; (2) because there was no consideration for the release; and (3) on account of fraud and misrepresentation practised in obtaining the release.
While the case' finally ■ turned on the point that <f'a release or discharge fr'om an *636 obligation is itself- a contract, and it follows that if such a release or discharge was procured through fraud, error or mistake, it can.be set aside the same as any other contract may be annulled for these causes. C.C.Arts.1832 and 1847; Reed v. Holderith, 3 La.App. 379; Brandon et al. v. Gottlieb et al., 16 La.App. 676, 679, 132 So. 283; Winzey v. Louisiana Industrial Life Ins. Co., La.App., 195 So. 67,” however, the court did hold that “the decided weight of authority is to the effect that an unexecuted commutative contract may be abrogated by the parties bound without a new consideration, the release of each of the parties bound from his obligation to execute the contract being a sufficient consideration for the release. Civil Code, Art. 2199; Mouton v. Noble, et al, 1 La.Ann. 192, 12 Am.Jur. p. 988, par. 409.”
Counsel for defendant, in distinguishing the case at bar from Noto v. Blasco, place great emphasis on the fact that the court in that case used the phrase that “unex-ecuted commutative contract may be abrogated by the parties bound without a new consideration” and, therefore, the reasoning of that case makes it inapplicable to this case where the contract was admittedly consummated.
Apart from the fact that the author believes that the word “unexecuted” was improperly used to convey the organ of the court’s intention - in Noto. v. Blasco, see Home Services v. Marvin, La.App., 37 So. 2d 413, and that the correct word should have been “executory”, the author fails to see that the distinction between an execu-tory contract and a consummated contract would have created a different' result in the conclusion reached in Noto w Blasco. Assuming in that case that an act of sale had occurred in place of the agreement to buy and sell (which.in itself is a complete contract — subject to an action for specific performance) would the court’s reasoning and conclusions have been altered by this fact? The author does - not think so. In the author’s opinion the court would still have had to hold that a release of each of the parties from the contract (executory or consummated) was sufficient consideration for the release of the other.
When defendant informed plaintiff “if you are not satisfied with it, we will send for it tomorrow and give you your money back” and plaintiff agreed to this, this constituted a release under the contract for the sale of this television receiver and that agreement was not void for want of consideration, since, a release of each of the parties from the contract was sufficient consideration for the release of the other. Civil Code Article 2199. Although contracts legally entered into have the force and effect of law between the parties thereto, contracts nmy be abrogated or revoked by the mutual consent of the parties. Civil Code Articles 1901, 1945 and 2130. Therefore, the release of each of the parties bound by the contract was sufficient consideration for the release of the other and the contract may, therefore, be abrogated without other independent consideration.
There is no question but that an obligation may be extinguished by the creditor by remission. Civil Code Art. 2130. Benson v. Smith, 2 La. 102, and, in the author’s opinion, there is no reason why the philosophy immaculately conceived by the subject of remission is not inclusive of the instant case. Remission is in the Civil láw, the demonstrated intention of the creditor to release the debtor. A creditor may demonstrate his intention to release the debtor by expressly so declaring. The creditor can not revoke his remission, the debtor’s acceptance of it is presumed. Civil Code Article 2201. Lee v. Ferguson, 5 La.Ann. 532. A creditor may make this declaration orally or in writing; he may make it in a formal writing-or in a mere informal writing as the law does not prescribe any particular form of remitting- a debt. In other words, the proof o'f remission may be oral, by parol, or by writing, and formal or informal, if in writing. Civil Code, Article 2199, La.Civil Code of 1870; Mouton v. Noble, 1846, 1 La.Ann. 192; Succession of Piffet, 1887, 39 La.Ann. 556, 2 So. 210; Noto v. Blasco, 1940, supra; Civil Code Article 1989, La.Civil Code of 1870, where “revise gratuite d’une dette” in the French text of the Article 1984 of the Revised Civil Code of 1825 is translated as “release *637 of a debt without payment”; also see note in 9 Tulane Law Review 616, wherein it is stated that “the release of a debt may be gratuitous”; 15 Tulane Law Review 504 and 3 Louisiana Law Review 634.
It is interesting to observe that when you are analyzing the component parts of an express remission you simply have to consider what has been proven to be said or written and to interpret what has been said or written according to the ordinary terms that the creditor makes use of. This remission may be definitely implied. In other words, the creditor may say something which demonstrates' his intention to release the debtor. This implied remission evidenced by the conduct of the creditor may be shown by any fact whatsoever which indicates the creditor’s intention; any method apart from what the debtor says which clearly implies and recognizes a release of the debtor would bind the creditor as a remission. Therefore, in the author’s opinion, this release or express oral remission which was granted to plaintiff by defendant in connection with the television receiver, was not void for want of consideration since the release of each of the parties bound from the contract was sufficient consideration for the release of the other.