WILLIAM M. BETTS *v.* E. MOUGIN et al.

Where the injunction is dissolved by rule, on the ground of insufficient security, the defendant is not precluded thereby from claiming, on the trial of the merits, a judgment for damages against the principal and surety on the bond.

The Act of the Legislature of 1855, authorizing the court to allow damages on the dissolution of an injunction, applies to the case of an injunction where the Sheriff is only restrained from seizing specific property.

APPEAL from the Third District Court of New Orleans, *Duvigneaud,* J.

*T. A. Bartlette,* for plaintiff and appellant.   *P. & N. Soulé,* for defendants.

MERRICK, C. J.   This suit was brought to restrain the defendants and the Sheriff from seizing under executions issued against *Todd & Co.,* certain property claimed by the plaintiff as owner.

The injunction was dissolved on a rule taken by defendants, on the ground of insufficient security, and afterwards the case was was heard on the merits, when judgment was rendered in favor of defendants, with twenty per cent. damages against principal and surety on the bond.

The plaintiff appeals, and contends, that as the injunction was dissolved a month before a trial on the merits, and as nothing was said in regard to the damages in said judgment on the rule, the court could not in another decree, viz, in a decree on the merits, award damages.

The statute says, *on the trial of injunctions,* the surety on the bond shall be considered as a party plaintiff in the suit.   The judgment then spoken of, in which the surety may be condemned, is the judgment to be rendered on the trial of the injunction.   We do not, therefore, see any objection to the rendition of a judgment for damages either on the rule or on the hearing of the case on its merits.

The latter mode might, in some cases, be preferable, as the court would be better informed of the merits of the plaintiff's demand.   At all events, it could not prejudice the plaintiff, for if he sustained his action on the merits, there would, it would seem, be no further judgment to be rendered against him or his sureties.   Phillip's Dig. 247, sec. 7.

It is further contended, that the law of 1833, (Act of 1855, p. 324,) authorizing damages on the dissolution of injunctions, does not apply to cases where the Sheriff was merely enjoined from seizing specific property.

If the plaintiff be enjoined from seizing certain property under his execution, the process of the court is as much obstructed as it would have been, if the party had waited until the actual seizure of the property by the Sheriff, and had then enjoined.   The one case is as much covered by the statute as the other.   It is true, that the first section of the Act of 1855, speaks of the sale of specific property, and directs the Clerk to take bond for an amount one-half over and above the estimated value thereof, as certified by the officer making the seizure.

It might be supposed that where the injunction issues to restrain the sale of specific property, the damages could not be awarded on the *judgment,* because the bond might not equal twenty per cent. damages thereon.

But in order to comprehend this clause of the Act of 1855, we must recur to the previous legislation on the subject ; for this statute is but a collection of the existing statutes on the subject of injunctions prior to its passage.

In 1833, the power to issue injunctions was withdrawn from the Clerks of courts.

In 1835, the parish Judge was authorized to issue injunctions in the absence of the District Judge in cases pending in that court.

The Parish and District Judges had extensive discretionary power in fixing the amount of the injunction bonds. C. P. 304.

When the Constitution of 1845 went into operation, and the office of parish Judge was abolished, it became necessary to confer the power to grant injunctions upon Clerks, in the absence of the District Judge, but, in so doing, they could not be intrusted with the discretion vested in the District Judge. Hence, *the Clerk* was required to take a bond in amounts specially prescribed for his guidance by the statutes. See Acts of 1846, 1850 and 1853.

In 1855, the various statutes on the subject of injunctions were collected under one head, and reënacted. It was not the intention of the Legislature, by reënacting what was law before, and what had received repeated judicial interpretations, to unsettle and overthrow well established principles and modes of proceedings.

The first section of the Act of 1855, above referred to, which is supposed to make a distinction between the injunction restraining the execution of a judgment and the sale of specific property, is nothing more than the 8th section of the Act of 1846, as amended by the Acts of 1850 and 1853, *relative to Clerks*, and the same section was reënacted in precisely the same words, under the sixth section of the Act relative to Clerks. Acts 1855, p. 50

It conferred upon the *Clerk* the power to grant injunctions, and regulated the amount of the bond which *he* was required to take in the case of the injunction of specific sum of money, and the sale of specific property. The latter paragraph of the first section of the Act of 1853, is identical with the first section of the Act of 1855, and evidently relates to Clerks. See Act 1853, p. 293. Phillip's Dig. 246, sec. 1 ; ibid, p. 85, sec. 6.

The second section of the Act of 1855, is the reënactment of the second section of the Act of 1828, p. 150.

The third section is the reënactment of the ninth section of the Act of 1826, p. 170.

The fourth section is the reënactment of the first section of the Act of 1825, p. 116.

The fifth section is also found in a former statute.

The sixth section is the reënactment of the third section of the Act of 1828 ; and the seventh and eight sections are the Acts of 1831 and 1833.

The objection that the bond taken by the Clerk might not equal the damages for which the party is liable under the statutes of 1831 and 1833, might have been made previous to the Act of 1853, as well as now.

By the Act of 1825, (5th sec. of Act of 1855,) the bond was required to be in double the sum alleged to have been paid, and by the 8th section of the Act of 1846, one-half over such amount. 1st sec. Act of 1855.

In other cases, the Judge had unlimited discretion over the amount of the bond, so that it might frequently happen that the bond fixed by him was insufficient to cover twenty per cent. damages on the judgment enjoined.

The case of *Rowly* v. *Kemp*, 2 An. 362, was a case of this kind, and the damages were restricted to the amount of the bond.

The Legislature seems to have supposed that where defendant or a third party

BETTS
v.
MOUGIN.

enjoins the sale of specific property, that a bond in an amount equal to the value of the property, and one-half over, will cover any damage which the court will award, because the execution is not restrained as to other property. See *Perry* v. *Kearny*, 14 An. 400 ; *Morgan* v. *Driggs*, 3 An. 125 ; *Lizardi* v. *Hardaway*, 8 Rob. 20 ; *Ludwig* v. *Kohlman*, 5 An. 298.

On the merits, we cannot say the District Judge erred, or that the damages awarded by him are not justified by the facts.

Judgment affirmed.