### No. 9686.
### JOHN CHAFFE & SONS vs. McGEHEE & CO.

A conventional mortgage granted by a debtor upon property which, at its date, constituted the duly registered homestead of the debtor though inoperative while the conditions of the homestead exist, may be enforced against the property when the homestead therein has ceased by reason of the removal of the debtor and his family to another State.

APPEAL from the Eighteenth District Court, Parish of Tangipahoa. Thompson, J.

*Thos. C. W. Ellis* and *S. D. Ellis* for Plaintiffs and Appellants.
*Reid & Reid* for Defendants and Appellees.

The opinion of the Court was delivered by

FENNER, J. The sole question presented by this appeal is whether a mortgage granted by a debtor upon his duly registered homestead

under the Constitution of 1879, can be enforced against said property after the homestead therein has ceased to exist and the debtor, with his family, has removed from the State.

The contention of the debtor is that under Art. 222 of the Constitution, the mortgage was an absolute nullity *ab initio,* insusceptible of ratification and incapable of acquiring effect by any subsequent event.

We cannot concur in this view, which was entertained by the judge *a quo.*

Article 222 of the Constitution simply says: "The homestead shall not be susceptible of mortgage."

If we were asked to enforce a mortgage upon a homestead, the article would be a conclusive bar. But a homestead is something more than a piece of property—it is property of a certain kind and value, owned and occupied by the debtor and set apart and registered according to law. The ownership and the other prescribed conditions must co-exist in order to constitute the homestead; and we have held that whenever any of the prescribed conditions cease to exist, the property loses the quality and privileges of a homestead    Gallagher vs. Payne, 34 Ann. 1057; Bossière vs. Roins, 37 Ann. 263.

Hence, the homestead only exists *sub modo;* and while the Constitution prohibits the mortgage of the homestead, it does not prohibit the mortgage of the property subject thereto, which will bind it as against everything but homestead rights, and which, though inoperative so long as the property is subject to the conditions constituting the homestead, will become operative the moment those conditions cease to exist. Thus a judicial mortgage, while inoperative against the pre-existing homestead, would unquestionably attach to the property when it ceased to be a homestead, and we cannot see why the same effect should not be given to a conventional mortgage.

A different construction would extend the operation of the law entirely beyond the necessities of the case, and beyond the reason and policy of the legislation.

A citizen of Texas, residing with his family in that State, certainly assumes an anomalous position when, in any proceeding and against any right, he sets up a homestead claim in property in this State.

We may observe that the case before us is exclusively between the debtor and his mortgage creditor, and presents no claims or rights of intervening creditors.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be amended by striking therefrom all that portion thereof which follows the words "with recognition of plaintiffs' rights as special mortgagees upon all the lands described in the act of mortgage filed with and made part of plaintiffs' petition;" and that, as thus amended, the same be affirmed, appellee, Spiller, to pay costs of this appeal.