(42 South. 480.)

No. 16,017.

PEOPLE'S INDEPENDENT RICE MILL CO., Limited, v. BENOIT et al.

(Nov. 26, 1906.)

1. COURTS—SUPREME COURT—JURISDICTION.
   The Supreme Court has jurisdiction of all suits "involving homestead exemptions," whether the issues be raised by the debtor or by his creditors.

2. HOMESTEAD—WAIVER.
   The debtor waives his homestead by removing with his family to another state, and as soon as the exemption ceases a creditor holding a special mortgage may foreclose.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Homestead, § 36.]

3. MECHANICS' LIENS—HOMESTEAD.
   The lien of the materialman does not extend to the homestead as a whole, but is restricted to the building constructed or repaired and the lot, not exceeding one acre, on which the structure stands.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, § 16; Cent. Dig. vol. 25, Homestead, § 155.]

4. EXECUTION—SALE—SUFFICIENCY OF BID—PRIOR LIENS.
   Where the materialman elects to seize and sell under execution a homestead embracing 20 acres of land, the sale will be null if the price of adjudication is less than the amount of a special mortgage covering the whole property.
   Provosty, J., dissenting.
   (Syllabus by the Court.)

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Edmund Dennis Miller, Judge.

Action by the People's Independent Rice Mill Company, Limited, against Felix Benoit and another. Judgment for plaintiff, and defendant Lewis appeals. Amended and affirmed.

Leon Sugar, for appellant F. L. Lewis. McCoy & Moss, for appellee.

LAND, J.    Plaintiff sued the defendant Benoit to recover judgment upon four notes, aggregating less than $2,000. One of these was a note for $425, secured by special mortgage on an improved tract of land containing 20 acres.

Benoit had left the state, and the suit as to him was a proceeding in rem to foreclose the mortgage. Plaintiff also sued to annul a sheriff's sale of the property to the defendant F. L. Lewis for the price of $334. The alleged grounds of nullity are that Lewis, having a judgment against Benoit, recognizing his lien as furnisher of building materials upon the building and one acre of ground upon which it was erected, caused the whole tract to be seized and sold at sheriff's sale for less than the plaintiff's prior mortgage, and under a writ of fieri facias which directed the sheriff to seize and sell the building and one acre of ground on which it had been erected. The defendant Lewis, for answer, averred that he had furnished building materials to the amount of $235.97 to construct the dwelling house on the tract in question; that his lien had been duly acknowledged and recorded prior to the special mortgage in favor of the plaintiff; that he obtained judgment recognizing his said lien, and ordering it to be enforced against one acre of ground and the building thereon; that the whole tract was legally sold under a writ of fieri facias issued under said judgment; that Benoit pleaded his homestead exemption, but his prayer that the whole tract be decreed exempt from respondent's demand was rejected; that the tract constituted the bona fide homestead of Benoit under article 244 of the Constitution of 1898; and, finally, that plaintiff was without legal right to foreclose its mortgage or to seize and sell said land.

There was judgment in favor of the plaintiff annulling the judicial sale in question and ordering the property to be seized and sold to satisfy the special mortgage for $425, with interest and attorney fees, and costs of proceedings. The judgment also recognized

Lewis' paramount lien on the building and one acre of ground on which it stood. Defendant Lewis has appealed.

### Motion to Dismiss.

Plaintiff filed a motion to dismiss the appeal for want of jurisdiction in this court ratione materiæ. Plaintiff has, however, waived the motion by its subsequent answer and prayer to amend the judgment; but, as the question is one of jurisdictional power, it must be considered. This court has jurisdiction of "suits involving homestead exemptions." Const. 1898, art. 85. This grant is broad enough to cover all questions arising under articles 244–247 of the Constitution. Plaintiff's action is predicated on the assumption of the waiver of homestead rights by the debtor's abandonment of the premises.

Defendant's lien as a material man against a portion of the homestead arises under the exceptions set forth in article 245. Moreover, the answer raised the question of plaintiff's right to seize and sell the homestead.

These issues, we think, make this litigation "a suit involving homestead exemptions." The motion to dismiss is therefore overruled.

### On the Merits.

The homestead exemption was personal to the debtor, and he waived it by removing with his family to another state. The right of the plaintiff to enforce its conventional mortgage against the property arose when the homestead was abandoned. Chaffe & Sons v. McGehee & Co., 38 La. Ann. 278.

The judgment in Lewis v. Benoit was in personam against the defendant, and recognized the lien and privilege of the plaintiff upon the building, "and upon the lot of ground to the extent of one acre, upon which the said building was erected." Plaintiff claimed a privilege on the whole tract. Defendant claimed that the whole tract was exempt as a homestead, and, in the alternative, that the lien should be confined to the building and one acre of ground. Whether or not the land constituted a homestead did not affect the extent of the lien, which could not in any event extend to the whole tract. By the concluding terms of the judgment the demand of the defendant that the whole tract be decreed to be his homestead, and, as such, exempt from seizure under the judgment rendered, was denied.

In August, 1904, a writ of fieri facias issued under said judgment. The usual printed form was changed so as to direct the seizure of the property "described on the reverse" of the writ; such description including only the building and lot to the extent of one acre. The sheriff, however, proceeded under this writ to seize and sell the whole tract, which was adjudicated to the defendant Lewis, at the price of $334, less than the recorded special mortgage in favor of the plaintiff. Lewis' lien was not on the whole tract, and the sheriff's sale embraced 19 acres of land on which Lewis had no lien whatever.

Such lien as he had could only be enforced by a separate seizure and sale of the building and lot of one acre. We do not think that the sheriff had any warrant for the sale of the whole tract, and, even if he had, the sale was null for want of a bid sufficient to cover the special mortgage in favor of plaintiff. Code Prac. art. 684. No adjudication, no sale. Dunning v. Coleman & Co., 27 La. Ann. 47.

We think that the judgment should be amended as prayed for to the extent of condemning the defendant Lewis to pay all costs of suit, but not of foreclosure.

It is therefore ordered that the judgment appealed from be amended by condemning the defendant Lewis to pay the costs of this suit in the district court, except those of foreclosure, and that, as thus amended, said judgment be affirmed, at appellant's cost.

PROVOSTY, J., holds that this suit does not involve a homestead exemption, and on that ground dissents.