LAND, J.
In August, 1906, the Murrell Company sued Henry Rivet, a tenant, for advances made on his crop, and caused the crop, four mules, and one cart to be attached. In his answer Rivet alleged that two mules and one wagon, which were exempt under the Constitution and laws of the state, had been seized. Thereupon the attorneys of the attaching creditor ordered the sheriff to release the property claimed to be exempt. Rivet selected two young mules, worth $225 each, and they, with the cart, were released from seizure. In April, 1907, judgment was rendered in favor of the company for $503.53, with interest and costs, and in favor of the defendant, dissolving the attachment, with $246 as* damages. In May, 1907, a writ of fieri facias* issued on said judgment for the balance due the company, under which the two mules which had been held under the attachment were seized and advertised for sale. The record does not show that these two mules were surrendered to Rivet after the dissolution of the attachment.
In June, 1907, Rivet brought the present suit, enjoining the sale of the mules on the ground that they were exempt from seizure under article 244 of the Constitution of 1898. The defendant pleaded that Rivet, having claimed and received under the homestead law two of the four mules, could not claim as against the same plaintiff that the two remaining mules were also exempt. This contention was sustained by the judgment below, and the plaintiff has appealed.
It appears from the testimony of Rivet that he turned over the two mules, which had been released as exempt, to one Wathen, his vendor. On the trial of the attachment suit, Rivet testified that he owed Wathen $100 on account of the purchase price of these two mules. In the instant case Rivet testified *204 that the balance clue on the mules was $135. The evidence does not explain this transaction by which property worth $450 was apparently transferred to pay a debt of $100 or $135. There is nothing to show that Rivet, pending the suit, was forced to dispose of this property. At the termination of the litigation, the same creditor is met with another claim of exemption as to the remaining two mules, which were admittedly liable to seizure when the suit was instituted.
The allowance of this additional claim would practically result in the exemption of four mules, instead of two, as provided by law. The debtor is not entitled to successive or double exemptions.
“If the property allotted to the debtor has been taken from him without fault on his_ part, or has been consumed in maintaining himself or his family, a subsequent exemption may be claimed.” 18 Cyc. 1485.
In the ease at bar, the plaintiff, after selecting the two mules as exempt, voluntarily turned them over to another creditor, whose claim amounted to about one-fourth of the value of the mules. The plaintiff either pocketed the difference or donated it to the vendor of the mules. He is estopped in equity from claiming an additional exemption. 18 Cyc. 1489.
The case of Garner v. Freeman, 118 La. 184, 42 South. 767, has no application. In that case the question was as to the status of the debtor, and we said:
“Exemption laws must be construed with reference to the condition of things existing at the date of seizure.”
We therefore are of-the opinion that the injunction was properly dissolved.
Appellant complains of the allowance of 20 per cent, as damages on the amount of the judgment enjoined on the grounds (1) that statutory damages were not prayed for, and (2) because the judgment itself was not assailed, and the injunction was only directed against the sale of specific property.
The defendant alleged and prayed for damages in the sum of $50 for attorney fees for dissolving the injunction. There was no evidence adduced as to the value of the services rendered by defendant’s counsel; but the judge is directed by the statute, on the dissolution of an injunction against the execution of a judgment for money, to condemn the plaintiff and his surety to pay to the defendant “not more than twenty per cent, as damages, unless damages to a greater amount be proved.” Code Prac. art. 304. Where damages are claimed for attorney fees, the judge may allow the same without proof, to an amount not exceeding 20 per cent, upon the judgment enjoined. Brown v. Lambeth, 2 La. Ann. 822. The statute predicates a claim for damages by the defendant in injunction, and directs the judge to assess the penalty when such a demand is made.
It has been held that the statutory damages will be allowed on the dissolution of an injunction against the sale of specific property seized under a writ of fieri facias. Betts v. Mougin, 15 La. Ann. 52. In the absence of proof of greater special damages, no more than the statutory amount can be allowed. Williams v. Close, 14 La. Ann. 746.
Judgment affirmed.