(50 South. 25.)

No. 17,421.

W. C. DEJEAN & BRO. v. LEE.

(May 24, 1909. On Rehearing, June 30, 1909.)

1. EXEMPTIONS (§ 44*)—WORK HORSES—HOME-STEAD LAW.

Two work horses are exempt from seizure and sale.

Plaintiff pointed out to the sheriff two horses of his debtor as exempt from seizure. The judgment appealed from decrees that they are exempt. It does not appear that there was error in exempting the two horses.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 52, 53; Dec. Dig. § 44.*]

2. EXEMPTIONS (§ 39*)—CORN FOR CURRENT YEAR.

The necessary corn for the current year is exempt from seizure, whether cultivated by the farmer on his own 160 acres of land, also exempt, or land of another. A farmer, head of a family dependent upon him for support, are the requirements for the exemption.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 41; Dec. Dig. § 39.*]

(Syllabus by the Court.)

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; Edward Taylor Lewis, Judge.

Action by W. C. Dejean & Bro. against Robert E. Lee. From an order dissolving writs of attachment and sequestration, plaintiff appeals. Amended.

Garland & Harry, for appellant. Peyton Randolph Sandoz, for appellee.

BREAUX, C. J. Plaintiffs sued the defendant for a balance due them of $209.55, with legal interest from judicial demand. At the same time plaintiffs sued for writs of sequestration and attachment, which were issued, and the following property of defendant was attached:

One pair of mules; one bay horse; one black mare; one wagon; and there was sequestered two-thirds of about 6,000 pounds of seed in cotton, and two-thirds of about 2,250 pounds of cotton in the field, and about 70 bushels of corn.

The mules and the wagon were subsequently released from seizure, as they were not owned by defendant.

The defendant admits that he was indebted for the amount claimed by plaintiffs.

The defendant has a family, consisting of his wife and 10 minor children, dependent upon him for support. He is a farmer, and cultivated a small crop.

The defendant complains before the district court of the writs of attachment and sequestration, on the ground mainly that the property was exempt from seizure under the homestead law, and that the writs improvidently issued.

The judge of the district court held that the plea of exemption under the homestead

law was well taken, and that the attachment of the horse and the mare and the sequestration of the corn was not sustainable. He dissolved the writs as to this property, and held that, as plaintiffs' seizure was in violation of a prohibitory law, plaintiffs should pay damages, which the court fixed at $75.

The court maintained the sequestration of the cotton.

The question for decision is whether the two horses and the corn sequestered are exempt from seizure under the homestead law.

The contention of appellant (plaintiff in the district court) is that defendant owned and had two horses in his possession at the moment of the seizure under the attachment and sequestration mentioned.

We have noted that a horse and a mare were seized. We do not infer that defendant had two mares, but that he had a horse and a mare, both equally exempt.

The contention of plaintiffs is that this mare was not seized; that it was owned by defendant; for that reason he cannot be allowed the mare first above mentioned.

The defendant testified that he had sold this mare.

Whether he had sold it or not, if he had only one mare, plaintiffs' claim as to it is not well founded. If he had it in his possession as owner, it could not be seized because it was exempt from seizure. If he sold it after the seizure, it was, none the less, exempt, and leaves plaintiffs without ground of complaint.

In addition, in regard to these horses, the plaintiffs directed the sheriff not to seize two of defendant's horses, as they were exempt from seizure.

They are the horses which were seized, and which the court decided were exempt from seizure.

Plaintiffs remain with scant ground of complaint on this point, in view of the fact that they directed that they should not be seized.

Under article 244 of the Constitution, defendant's two horses were exempt; "two work horses shall be exempt from seizure"—quoting from the statute.

We come next to the corn, some 70 bushels of which were released from seizure by the district court, because, as that court found, it was not subject to seizure under the homestead law.

The defendant as a farmer, it is true, had produced that corn on the land of another. The place on which the corn grew, cultivated by defendant, did not belong to defendant. It does not for that reason take it away from the terms of the law, which provides that the cultivator of the soil for his own account shall have sufficient corn for himself and family for one year. Ownership of the land is not a condition to the exemption. The lessee may be entitled to that exemption, or any one who cultivates the soil for his own account.

The purpose evidently was to give some aid under the law to the man in need. The need is more sorely felt where the resource of the cultivator of the soil is the return of the crop. In case of extreme need he is entitled to corn from his crop.

It would be an incongruity if the owner of 160 acres of land was entitled to the exemption and the cultivator of the soil who does not own the land he cultivates was not entitled to the same exemption under the terms of the law.

The article does not, as relates to corn, refer to ownership; why by interpretation consider the word as written in the law?

The purpose is to protect the cultivator of the soil, whether his own soil or that of another, until another crop begins to grow.

To conclude, the farmer who cultivates a crop has a right to enough corn for himself and family for one year.

In this instance, 70 bushels is not excessive.

It is therefore ordered, adjudged, and decreed that the judgment appealed from is affirmed.

### On Rehearing.

No special complaint is directed by plaintiffs against that part of the judgment which condemned them to pay $75 damages for illegal seizure of property subject to exemption under the homestead law as alleged.

As this amount would have been deducted from the amount claimed by plaintiffs against defendant, if it had been allowed, it seems to be a matter of little concern to plaintiffs. We, none the less, will have to pass upon the question, as plaintiffs ask that the whole judgment be set aside and annulled.

Passing to the question really at issue, further examination has resulted in our concluding that the horses seized are not subject to the exemption claimed.

Two horses of defendant were not seized. They remained in his possession.

It seems that the two horses seized were not horses actually used by defendant in making his crop.

He testified that they were gentle—colts—that had not been used in farming. As they were not work horses, they were, therefore, subject to seizure. They will have to be sold as subject to plaintiffs' claim.

After having concluded that plaintiffs had a right to seize the horses which have been seized, it follows that we will have to amend our decree by striking therefrom the $75 allowed to the defendant as damages. As plaintiffs succeeded in sustaining their demand, in part at least, they cannot be held in damages. Under the circumstances, damages cannot be allowed.

It is ordered, adjudged, and decreed that the two horses seized shall be sold in satisfaction of plaintiffs' claim.

In other respects the judgment of the district court and of this court remains unchanged.

It is ordered, adjudged, and decreed that defendant pay all costs incident to the issuance of the writs as they apply to the seizure of the horses, and that plaintiffs pay all costs incident to the seizure of said writs as they apply to the seizure of the corn.

It is further ordered, adjudged, and decreed that the judgment be amended by rejecting the demand of defendant for $75 damages, and that defendant and appellee pay the costs of appeal.

Decree amended, and rehearing refused.