(55 South. 2.)

No. 18,298.

## RYNELLA MILL & MERCANTILE CO., Limited, v. SEGURA.

(April 24, 1911.)

*(Syllabus by the Court.)*

1. HOMESTEAD (§ 96*) — EXEMPTIONS — VENDOR'S LIEN.

The homestead exemption cannot defeat the vendor's lien.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 147; Dec. Dig. § 96.*]

2. EXEMPTIONS (§ 6*)—STATUTES—CONSTRUCTION.

Exemption laws must be construed with reference to the condition of things existing at the date of the seizure.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 6; Dec. Dig. § 6.*]

3. EXEMPTIONS (§ 121*)—CORN AND FODDER FOR CURRENT YEAR—SPECIFICATION OF QUANTITY.

The homestead exemption of necessary corn and fodder for the current year is a right without specifying the quantity of corn. Ducote v. Rachal, 44 La. Ann. 580, 10 South. 933.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 146; Dec. Dig. § 121.*]

4. EXEMPTIONS (§§ 39, 45*)—FOOD AND WORKING IMPLEMENTS — ATTACHMENT TO HOMESTEAD.

The exemption includes articles of food and working implements, whether the exempted articles are attached to a homestead or not.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 41, 56; Dec. Dig. §§ 39, 45.*]

5. EXEMPTIONS (§ 118*)—FOOD—PERSONS ENTITLED TO CLAIM EXEMPTIONS.

The necessary quantity of corn for the current year is exempt from seizure without reference to whether the exemption is claimed by the owner of a farm or by a tenant; the only requisite being that it be cultivated by the one claiming the exemption.

[Ed. Note.—For other cases, see Exemptions, Dec. Dig. § 118.*]

6. EXEMPTIONS (§ 4*)—STATUTES—CONSTRUCTION.

Exemption laws will be construed as written, neither adding to them because they are public policy laws, nor restricting their application on the ground that they are in derogation of common right.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 4; Dec. Dig. § 4.*]

Appeal from Nineteenth Judicial District Court, Parish of Iberia; James Simon, Judge.

Action by the Rynella Mill & Mercantile Company, Limited, against Armence Segura, in which certain mules and corn were sequestered. Judgment for defendant allowing exemptions, and plaintiff appeals. Affirmed.

Cammack & Broussard, for appellant. John R. Davis, for appellee.

BREAUX, C. J. The question for decision is whether a debtor is entitled to exemption from the payment of his outstanding debts, although he is not the owner of the farm that he has cultivated.

Plaintiff sued defendant on a claim it has against him. At the same time it sequestered two mules and some corn.

It had a vendor's privilege on the mules sequestered.

An exception was filed by defendant to the seizure of the corn and to have the sequestration dissolved.

The right of plaintiff's privilege on the mules was not denied.

It follows that the exemption did not prevail in so far as plaintiff has a vendor's privilege.

[1] The homestead exemption cannot defeat the vendor's privilege.

Defendant has a wife and seven minor children dependent upon him for support.

He is a man of no means.

During the years 1908 and 1909 he cultivated a crop of cane and corn on petitioner's land, and the amount due was for merchandise advanced by plaintiff to defendant, secured by privilege on the crop.

There was in defendant's possession at the date of the seizure about 100 barrels of corn, cultivated by him upon petitioner's land.

The exception was heard on evidence introduced on the trial of this exception.

Counsel for defendant objected to the introduction of testimony to prove whether the property is exempt from seizure under the homestead law or not by reason of the

fact, as urged by counsel for appellant, that the questions to be tried appertained to the merits, and ought not to be tried and decided on an exception.

The district court held that one can claim the exemption by exception or a motion in opposition to the writ as well as upon the merits.

The remainder of his crop was sold.

It presents no issue before this court.

The 100 barrels sequestered was defendant's share of the crop.

He owns no other property.

[3] The homestead exemption of necessary corn for the current year is a right without specifying the quantity of corn. Ducote v. Rachal, 44 La. Ann. 580, 10 South. 933.

We excerpt the following from the decisions cited just below:

Homestead is a matter of policy. The waiver or renunciation of a homestead claim, being a provision of law in favor of the destitute, is against public policy. Comeau v. Miller, 46 La. Ann. 1324, 16 South. 172.

This provision of the Constitution is a rule of public order. Maxwell v. Roach, 106 La. 123, 30 South. 251.

The defendant is a farmer. When the corn was seized, the debtor had not moved off of the place of the creditor.

Plaintiff is not in a position to successfully urge that he (defendant) was not on the place on which he had made the corn. Defendant was living on and cultivating the place when the seizure was made.

[2] Exemption laws must be construed with reference to the condition of things existing at the date of the seizure. Rivet v. Plantation Co., 121 La. 201, 46 South. 210, 126 Am. St. Rep. 320.

Exempting the provisions on hand for family use exempts all such "provisions, regardless of what other property the execution debtor may have." Atkinson v. Gather, 23 Ark. 101.

[4] The exemption includes articles of food and working implements whether the exempted articles are attached to a homestead or not; and, on the farm, necessary quantity of corn and fodder for the current year.

Now as relates to quantity:

This court has held that, although the quantity is not stated, if it be within the exemption limit and is not more than the requisite amount, it is exempted. Ducote v. Rachal, 44 La. Ann. 580, 10 South. 933.

[5] In the next place, as to ownership of the farm:

The lessee is entitled to the same right as he would have if he were the owner.

The words "ownership" or "lessee" are not mentioned in the Constitution.

We are not authorized to mention it here as relates to exemption, as there is nothing said about ownership or tenant. We cannot supply the omission, if there was one.

This court held that the exemption being a provision in favor of the destitute is in accordance with public policy. 46 La. Ann. 1324, 16 South. 172.

If that was the purpose, it may as well apply to destitute owners as to destitute lessees.

The next contention of plaintiff is that the exemption sought by defendant is one in personalty, and not one of homestead. The complaint here is that the defendant asks for part of the product of the crop, and he does not ask for anything connected with the homestead proper.

Plaintiff adds that the purpose of the exemption law is to favor the holding of the home, and that the lawmaker was not so much concerned about personal property.

True, in this instance, there is no question relating directly to the homestead; to the home as generally understood. But the corn is exempt under the Constitution without reference to the home. To obtain the exemption, it only requires that it be cultivated by the debtor, whether as tenant or as owner.

In the course of the argument, it was contended that the homestead laws being in derogation òf personal rights were subject tò strict construction.

We will here state in matter of this argument that there are those who are of the opinion that the construction of homestead laws should be liberal, giving as a reason that it is in public interest to do whatever possible to protect persons who have become indebted and whose property is seized and who are about to lose property necessary to support the family.

[6] There are others, however, who look upon the exemption laws as in derogation of the principle which considers the property of the debtor as a common pledge of his creditors.

The subject is carefully and interestingly noted in 18 Cyc. p. 1381. The text of the decision and the notes thereunder are interesting. It shows that for years the subject has been considered as worthy of the thought of the jurists and lawgivers.

The most enlightened states of the country, dating back a number of years, among them, Massachusetts, have pronounced in favor of liberal construction, as will be seen by consulting the annotator cited above.

There is a minority, according to these notes, the other way.

In Louisiana the purpose has been to interpret the law as written, neither favoring the liberal nor adopting a strict construction.

In Hebert v. Mayer, 48 La. Ann. 938, 20 South. 170, construing the exempting statute of 1865, the court said in the syllabus that the exempting statute should not be too strictly construed, thus taking a position against a liberal construction. Holding to the mean between the two.

Even in jurisdictions favorable to a strict construction of the law, authorities would not justify the reading out of the Constitution the words, "corn for the current year." Article 244 of the Constitution.

The question involved here was before us in Dejean & Bro. v. Lee, 124 La. 239, 50 South. 25.

It is not possible for issues arising at considerable distance in point of time to be more similar.

The court held in the cited case that the corn cultivated by the tenant on the farm of the creditor necessary for the current year was not subject to seizure.

Having thus decided in one case, we would not be justified in setting aside and overruling it unless it were quite evident that an error in this respect has been committed.

We have heard all that was said upon the subject and have read the briefs carefully.

We do not think that the prior decision should be overruled.

It is therefore ordered, adjudged, and decreed that the judgment appealed from in this case is affirmed.