(64 South. 766.)

No. 19,712.

ABRAMSON et al. v. LARRABEE (LARRABEE et al., Interveners).

(Jan. 19, 1914. Rehearing Denied Feb. 16, 1914.)

*(Syllabus by Editorial Staff.)*

1. HOMESTEAD (§ 188*)—FORECLOSURE—INTERVENTION.

In a suit to foreclose two mortgage debts, one of them secured by a vendor's privilege, the defendants may, after judgment decreeing a sale, claim their right of homestead by petition in third opposition.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 357; Dec. Dig. § 188.*]

2. HOMESTEAD (§ 188*)—CONCLUSIVENESS—MATTERS ADJUDICATED.

A judgment decreeing a sale of property subject to two mortgage debts, one of them secured by a vendor's privilege, rendered in a suit via ordinaria, does not, in view of Code Prac. art. 734, authorizing a creditor in possession of a mortgage act to cause the property subject to the mortgage to be seized and sold, constitute an adjudication that the property was not the mortgagor's homestead, for a mortgage may rest upon homestead property, notwithstanding that it cannot be seized and sold so long as it retains

134 LA.—27

its homestead character, and the mortgagees are entitled to have their rights established by suit.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 357; Dec. Dig. § 188.*]

3. HOMESTEAD (§ 115*)—VALIDITY—HOMESTEAD.

A mortgage may rest upon homestead property, notwithstanding the fact that it cannot be seized and sold so long as it retains its homestead character.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 183, 184, 186–190; Dec. Dig. § 115.*]

Appeal from Eighteenth Judicial District Court, Parish of Lafayette; William Campbell, Judge.

Action by Nathan Abramson and others against Charles G. Larrabee, in which Charles G. Larrabee and his wife, Fannie M. Smith, intervene as third opponents. From a judgment setting aside an exception to the petition, interveners appeal. Reversed and remanded.

Poche & Lessley, of Lafayette, and Cas Moss, of Winnfield, for appellants. Jerome Mouton and Chas. D. Caffery, both of Lafayette, for appellees.

PROVOSTY, J. The plaintiffs, Abramson and others, sued the defendant Larrabee, via ordinaria, upon two mortgage debts, one of them for a small amount, secured also by vendor's privilege, and obtained judgment against him, condemning him to pay the debts, and recognizing the mortgage and the vendor's privilege, and ordering the property to be seized and sold to satisfy these debts, and, under this judgment, caused the property to be seized and advertised for sale.

[1] While the property was being thus advertised, the defendant Larrabee filed a petition in the suit, alleging his homestead right, and asking that the sheriff be ordered to retain $2,000 out of the proceeds of the sale to satisfy it, and that in due course said $2,000 be paid to him. The prayer of this petition begins:

"Wherefore petitioner prays that he be allowed to file this intervention."

To this petition, the plaintiff filed an exception, on the ground that it is not possible for one who is already a party to a suit to intervene therein, especially after final judgment, but that only a third person can do so.

This exception was overruled, and properly so, since the sale was being made to satisfy a vendor's privilege, and since the value of the property exceeded $2,000; and hence it was not possible for the defendant Larrabee to sue out an injunction, or to assert his homestead right, otherwise than by a petition filed in the suit itself. What name he gave to this petition is immaterial; the character of a petition is not determined from the name given to it, but from its substance.

[2, 3] Plaintiffs next filed a plea of res judicata, founded upon the judgment that recognized the mortgage, and ordered the mortgaged property to be seized and sold to satisfy the mortgage debt.

This exception was sustained, but improperly, we think. The question of homestead was not raised in that suit, and consequently was not decided. It was not raised expressly, and did not arise by necessary implication. Apparently it did, since the plaintiffs asked that the property be decreed to be seized and sold to satisfy their debt, a thing which could be done only if the homestead did not exist. But in reality it did not. The plaintiffs had a mortgage; our jurisprudence is well settled that a mortgage may rest upon homestead property notwithstanding the fact that the property cannot be seized and sold so long as it retains its homestead character. Allen v. Carruth, 32 La. Ann. 444; Chaffe v. McGehee, 38 La. Ann. 278; Denis v. Gayle, 40 La. Ann. 286, 4 South. 3.

Having this mortgage, the plaintiffs had the right to have it judicially recognized; and this was all that by their suit via ordinaria they sought to do. In other words, the rights which they had by virtue of their authentic act of mortgage they sought to have the court recognize and decree.

"When the creditor is in possession of such an act," says article 734, C. P., "he may proceed against the debtor, * * * by causing the property subject to the * * * mortgage to be seized and sold."

The plaintiffs were asking that this right of theirs, thus existing in their favor by virtue of their mortgage, be judicially decreed. To that prayer the defendant Larrabee had no defense to make. He knew that the mortgage existed, and that by virtue of it the plaintiffs had the rights which they thus sought to have judicially decreed. So knowing, his only course was to confess judgment, as he did. If the plaintiffs had desired in that suit to have the question of homestead passed on, they should not have confined their demand to the judicial recognition and decretal of those rights which they already had by virtue of their authentic act of mortgage, but should have raised that question expressly by proper allegation and prayer. Had the defendant so desired, he too might have raised it. Van Wickle v. Landry, 29 La. Ann. 343. But he was not bound to do so, and did not, in fact, do so.

Mrs. Larrabee, wife of the defendant, filed a separate intervention. She alleged that if by confessing judgment in the said suit her husband waived the homestead, the waiver was of no effect, since she did not join in it; she not having been a party to said suit. She asked to be allowed to join her husband in now claiming the homestead.

This intervention opens up a wide field of discussion. It involves the question whether the husband can stand in judgment alone for litigating the question of homestead, as he has done heretofore in all those cases of which our reports are full; and the latter question involves the other, whether the hus-

band, who cannot waive the homestead directly without the concurrence of his wife, may do so indirectly, as has been held in several decisions, by giving a mortgage, and then allowing the property to be sold under it without claiming the homestead; and, finally, it involves the question whether the wife, simply because the homestead cannot be waived without her concurrence has such a proprietary interest in the homestead property, of which her husband is the sole and exclusive, or absolute, owner, as will enable her to stand in judgment with reference to such property on the question of homestead whenever the husband himself fails to raise that question. For disposing of the present case it is not necessary for us to enter that wide field of discussion; and we will not do so.

On the question of res judicata the learned counsel for the plaintiffs cite Babineau v. Guilbeau, 52 La. Ann. 992, 27 South. 549. In that case the court held that where, in a suit to set aside a dation en paiement made by the husband to the wife, the husband fails to set up the homestead, he is precluded from doing so thereafter when the property is seized to satisfy the judgment in the suit.

The distinction between that case and the one at bar is that in that case the plaintiff showed no cause of action unless the property in question was liable to seizure for the satisfaction of his claim, so that the question of exemption vel non was involved in the suit by necessary implication; whereas in the case at bar the plaintiffs showed a cause of action notwithstanding the existence of the homestead; the rights which they had by virtue of their authentic act of mortgage they were entitled to have recognized and decreed, so that they showed a cause of action notwithstanding the existence of the homestead.

The judgment appealed from is set aside in so far as it sustains the plea of res judi-cata, and it is now ordered, adjudged, and decreed, that the said plea be overruled, and that the case be remanded, to be proceeded with according to law. Costs of this appeal to be paid by appellees.