No. ——

First Circuit

MILLIKEN & FARWELL v. RIVET

(May 3, 1927. Opinion and Decree.)
(June 7, 1927. Rehearing Refused.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest — Homestead — Par. 1, 2.**

The right to homestead exemption is a matter of public policy and by Constitution of 1921 provides that no court or ministerial officer of this state shall ever have jurisdiction or authority to enforce any judgment, execution or decree against the property exempted as a homestead.

2. **Louisiana Digest — Homestead — Par. 3, 7, 11.**

A person engaged in farming is entitled to the homestead exemption even though he is only a tenant and does not own the land which he cultivates.

3. **Louisiana Digest — Homestead — Par. 13, 17.**

The corn and fodder forming a part of homestead exemption need not have been grown and raised on land owned by the debtor.

Appeal from the Parish of Ascension. Hon. Sam A. LeBlanc, Judge.

Action by Milliken & Farwell against Henry Rivet.

There was judgment for defendant and plaintiffs appealed.

Judgment affirmed.

George R. Blum and Howell &' Wortham, of Donaldsonville, attorneys for plaintiff, appellants.

Caleb C. Weber, of Donaldsonville, attorney for defendant, appellee.

LECHE, J.   Henry Rivet, the defendant, was a tenant, during the year 1925, on Milliken & Farwell's St. Emma sugar plantation situated in the parish of Ascension.   He owned live stock and agricultural implements which he used in planting and cultivating crops of sugar cane and corn on the land, forming part of that plantation, which he had leased for that purpose from the plaintiffs.   In order to obtain advances in money and supplies from the plaintiffs, he mortgaged his live stock and agricultural implements as security for such advances.   It is not disputed or contested that on a settlement with plaintiffs in January, 1926, he owed them a balance of eight hundred and seventy-nine and 14-100 dollars.

On January 26, 1926, plaintiffs obtained a writ of sequestration and under said writ, seized defendant's live stock, all his agricultural implements and one lot of corn which had been grown and harvested by him during the year 1925. Plaintiffs further obtained a writ of attachment, by virtue of which they seized the same property that had been sequestered by them, and, in addition thereto, they further seized an automobile.   Both of these writs were subsequently dissolved by separate judgments, and appeals were granted in favor of plaintiffs from both judgments.   These appeals were made returnable to this court on May 5, 1926; they were perfected by furnishing bonds, but were never filed or prosecuted in this court.   The property thus seized, however, remained on plaintiff's plantation and was never restored to defendant.

Plaintiffs confirmed a default on their main demand and secured a personal judgment against defendant for $879.14, and they thereupon seized defendant's live stock, his agricultural implements already under seizure by virtue of writs of sequestration and attachment, and advertised the same for sale.   Thereupon defendant applied for a writ of injunction to arrest the seizure, on the ground that the property seized was exempt as homestead, under Section 1 of Article XI of the Constitution.   The trial court maintained the injunction, and from a judgment recognizing the property as exempt from seizure, plaintiffs have appealed.

It is not questioned that defendant's situation from the standpoint of his financial condition, and of his duty towards persons dependent upon him for support, legally entitled him to claim the benefit of the homestead law, but plaintiffs' main contention in this court is that at the time of the present seizure under the writ of fieri facias defendant owned no land, was not a farmer, and was not on a farm within the intendment of the constitutional exemption.

The defendant in this case was not only the debtor but was also the tenant of the plaintiffs.   Plaintiffs, by judicial process and by means of writs of sequestration and attachment, first wrested from defendant his live stock and agricultural implements, the instrumentalities which were necessary to enable him to pursue his ad-

vocation as a farmer, and they then notified him to vacate their premises. In pursuance of that notice, he was compelled to move off their plantation, to pack up his worldly goods consisting of his household effects, and to seek a home elsewhere. After removing from the plantation, defendant, in order to earn a livelihood for himself and his dependents, sought work and became a laborer or a brick mason helper, and such was his occupation when he made claim for his homestead exemption. It is therefore true that at the time the seizure was made under the writ of fieri facias, defendant was no longer a farmer nor was he on a farm with the necessary quantity of corn and fodder for the current year.

It seems to us that to hold that defendant, under these adverse circumstances over which he had no control, had lost his right to the homestead exemption, would do ruthless violence to the spirit, if not to the letter of the constitutional provisions on that subject. In our earliest jurisprudence it was said that homestead exemptions were in violation of the principle that a debtor's property is the common pledge of his creditors and, therefore, should be strictly construed. But later jurisprudence is otherwise, and the right to the homestead exemption has become a matter of public policy. Indeed the present Constitution provides that no court or ministerial officer of this state shall ever have jurisdiction or authority to enforce any judgment, execution or decree against the property exempted as a homestead.

The time at which one becomes entitled to claim a homestead is when the exempted property is seized or taken away from him, and the right to make the claim therefor may be asserted at any time before title to the property becomes vested in someone else. The right to the exemption must be gauged according to the situation of the claimant at the time of the seizure. A person engaged in farming is entitled to the exemption even though he is only a tenant and does not own the land which he cultivates. The corn and fodder forming part of the exemption need not have been grown and raised on land owned by the debtor. The following decisions are appropriate and sustain these elementary rules. Abramson, et al., vs. Larrabee, 134 La. 33, 64 South. 766; Cunningham vs. Steidman, 133 La. 45, 62 South. 346; Andrews, et al., vs. McCreary Lumber Co., 155 La. 730, 99 South. 579; Dejan vs. Lee, 124 La. 239, 50 South. 25; Rynella Mills, etc., vs. Segura, 128 La. 643, 55 South. 2.

There is no doubt that the plaintiffs acted in good faith and with a view of securing the payment of a debt really and justly due them, but the law, in pursuance of public policy, protects the unfortunate debtor who has other persons dependent upon him for support from thus being thrown into a condition of absolute want and abject misery.

We believe the trial judge has correctly applied the law under the facts of the case, and his judgment is therefore affirmed.