## ARNOUS *vs.* LESASSIER.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE PARISH OF IBERVILLE, THE JUDGE OF THE DISTRICT PRESIDING.

An injunction to restrain the sale of a plantation under a *fieri facias*, because all the contiguous tracts of land adjoining, are not included in the advertisement as necessary to its cultivation, etc., will not be sustained. Nor is it ground for an injunction that the plantation was described as *a tract of land*, when it is shown to be cultivated as a cotton and sugar estate.

The amount of damages to be decreed on the dissolution of an injunction, is within the discretion of the Court, under the provisions of the act of 1831.

EASTERN DIST.
*March*, 1838.

ARNOUS
*vs.*
LESASSIER.

The law allows ten per cent. *interest* on the dissolution of injunctions, but the court will not give it, when it is not prayed for by the party.

The plaintiff, as tutor, etc., caused a writ of *fieri facias* to issue against the defendant, and was levied on a sugar plantation which was advertised for sale. The advertisement was dated the 15th June, 1837, describing the premises as *a tract of land,* etc., exposed for sale on the 17th day of July following, etc.

The defendant prayed for and obtained an injunction against the sale on the ground : 1st, that the value of the tract of land seized, would be very much depreciated by selling it separate from several adjoining tracts of woodland, necessary to carry on the business of sugar making ; and that in fact they were all considered as making but one plantation, and had been previously alienated and sold together ; that the advertisement although dated the 15th, was not published until the 17th June, leaving but twenty-nine days as the time of publication ; and that it is vague in the description, being described as a tract of land, when in fact it contains sugar works, and a good crop of sugar, cotton and corn, growing.

The plaintiff moved to have the injunction dissolved for insufficiency of the bond ; but mainly because there was no legal cause set forth, and that it had issued wrongfully.

The district judge on hearing the case, dissolved the injunction, from which judgment the defendant appealed.

*Labauve,* for the appellant.

*Davis, contra.*

*Martin, J.,* delivered the opinion of the court.

The plaintiff is appellant from a judgment dissolving an injunction staying the sale of a plantation of his, seized on a

EASTERN DIST. *fieri facias*, and the defendant has prayed that the judgment
*March*, 1838. may be so amended as to allow him twenty instead of
ten per cent. for his damages.

ARNOUS
*vs.*
LESASSIER.

The injunction was prayed, on the ground, that the plantation was incorrectly advertised.

The dissolution of the injunction was asked on a denial and insufficiency of the allegations in the petition, and the insufficiency of the bond.

An injunction to restrain the sale of a plantation, under a *fieri facias*, because all the contiguous tracts of land adjoining are not included in the advertisement, as necessary to its cultivation, etc., will not be sustained; nor is it ground for an injunction, that the plantation was described as *a tract of land*, when it is shown to be cultivated as *a cotton and sugar estate*.

The petitioner alleges, that the plantation ought to have been seized and advertised together with other tracts of land contiguous thereto, and which, necessarily, made a part of it as indispensable to its cultivation, for the needed supply of timber and wood. The district judge has been of opinion, that this allegation is unsupported by the evidence. It was further urged, that the advertisement described the plantation as a tract of land, when it is charged and proven that it is cultivated as a cotton and sugar estate, and has thereon every necessary building. And it is added, that although the sale was advertised for the 17th of July, and the advertisement dated the 15th of June, it was not published until the 17th.

The amount of damages to be decreed on the dissolution of an injunction, is within the discretion of the court, under the provisions of the act of 1831.

There is no evidence of the day of publication. The injunction was correctly dissolved.

As to the damages, the court gave ten per cent. and seventy-five dollars, as special damage. According to the act of the legislature of 1831, page 102, the damages are not to exceed twenty per cent., unless damages to a greater amount be proved. This was in the discretion of the court, which does not appear to have been improperly exercised.

The law allows ten per cent. interest on the dissolution of injunctions, but the court will not give it, when it is not prayed for by the party.

The judgment, however, does not allow interest at ten per cent. per annum, as the act requires. We do not amend it in this respect, because the appellee has not prayed for it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.