ELIZA R. WHITTEMORE v. JACOB J. WATTS, Sheriff.

Section 3 of the act of 25 March, 1831, and section 3 of the act of 29 March, 1833, do not authorize the court, on the dissolution of an injunction, to increase the interest, where the original judgment bears interest at ten per cent a year. This principle applies with greater force, where the party enjoining is not the debtor. Whatever else it may be proper to allow, must be in the form of damages.

APPEAL from the District Court of Livingston, *Jones,* J. *Watterston* and *Greiner,* for the plaintiff.
*Hoffman,* for the appellants.

BULLARD, J. The plaintiff sued out an injunction against the sheriff, to stay proceedings under a writ of *fieri facias* against

the property of her husband. The suing creditors intervened, and moved to dissolve the injunction for want of equity on the face of the proceedings. Their motion was sustained, the injunction was dissolved, and the plaintiff and her surety condemned to pay one per cent damages on the judgment, amounting to about $19,000, and $100 special damages. No interest was allowed, and the judge gives as his reason for refusing it, that the judgment already bears interest at ten per cent.

Both parties appear to acquiesce in the judgment so far as it pronounces the dissolution of the injunction ; but the creditors have appealed and complained, that interest ought to have been allowed them, as well as damages, under the acts of 1831 and 1833.

The judgment is in harmony with the view we took of these statutes in reference to interest, in the case of *Dabbs* v. *Hemken*, 3 Rob., 123. The principle applies with greater force when the party enjoining is not the debtor himself. The injunction having been dissolved on motion, without any enquiry into the merits, we cannot enquire into any consequential damages resulting from the proceedings of the plaintiff herself, as a creditor of her husband, pending the injunction, as complained of by the appellants.

*Judgment affirmed.*