<hr />

### Mrs. Mills, Wife of J. P. McMillen, v. Thomas Jones.

Suit was brought on a lost note—there was judgment for the plaintiff, but previous to issuing execution, he was required to give security to defendant against loss in consequence of the reappearance of the note. The bond furnished was received by the judge, who refused to set it aside. *Held :* That defendant could not resort to an injunction on the ground of the insufficiency of the bond.

Where the judgment bears the highest rate of conventional interest, no additional interest will be allowed on the dissolution of the injunction.

APPEAL from the Third Judicial District, *Clarke,* J. *T. S. McCay,* for plaintiff in injunction and appellant. *Purvis & Dugué,* for defendant in injunction.

OGDEN, J. There was no sufficient grounds for the injunction obtained by the defendant, to restrain the plaintiff's execution. The terms of the judgment requiring the plaintiff to give security to the defendant to indemnify him against any loss he might suffer from the reappearance of the lost notes, were complied with by the plaintiff previous to issuing the execution. The bond furnished was received by the judge, and after the defendant had made an ineffectual attempt to set it aside by rule, he had no right to resort to an injunction on the ground of the insufficiency of the bond.

The plaintiff has asked for an amendment of the judgment by allowing her ten per cent interest on the amount of the judgment, and one hundred dollars special damages for counsel fees. As the judgment bears eight per cent. interest, no more can be allowed, as has been repeatedly held by our prede-

MRS. MILLS
*v.*
JONES.

cessors, and there is no evidence in the record of any special damage, occasioned by payment of counsel fees.

It is therefore ordered, adjudged and decreed, that the judgment of the court below be affirmed with costs.