R. J. WATKINS v. A. J. GIBBINS.

A purchaser of land who, for his better security, buys up an out standing title to the same land, can - not, in the absence of any proof of fraud, or of an entire failure of the title derived from the first vendor, resist the payment of the price to him.

APPEAL from the District Court of the Parish of Point Coupée, *Cooley*, J. *U. B. & E. Phillips*, for plaintiff and appellant. *Provosty* and *F. H. Farrar*, for defendant.

OGDEN, J. The defendant, on the 7th January, 1852, sold to the plaintiff a tract of land and five negroes for the price of eight thousand dollars. The land is described in the act of sale as the south half of section No. 26, in township No. 5, of range No. 9 east, in the South Eastern Land District of Louisiana, containing three hundred and twenty acres. The price for the land, separately was $4,000, payable in four unequal installments, of different amounts, and this suit was brought to enjoin an order of seizure and sale which the defendant had obtained to enforce the payment of the notes given for the price, for the security of which the vendor had reserved a mortgage on the property sold. The plaintiff asks that the notes which were given for the price of the land may be declared to be null and void, and that the defendant be enjoined from collecting them.

The ground alleged for the injunction is, that the defendant had no title whatever to the land when he undertook to sell it to the plaintiff; that the south western quarter of the section, being the west half of the land, had been, since the sale to plaintiff, entered by the heirs of *Hamilton*, and that the plaintiff finding he had acquired no title by his purchase from defendant, had himself purchased the other half from the United States.

The act of sale contains a clause to the effect, that the fourth installment for the price of the land was to be paid only in case the vendor should give to the purchaser a full and complete title to the west quarter of the section, which was half of the land conveyed in the act of sale, and that in case the vendor failed to procure the title for it, the note for that installment of $1,500, should be null and void. It was also made a condition, that the payment of the note for the last installment of the price of the negroes, should not be enforced until certain incumbrances on the negroes were removed. The order of seizure and sale was taken out for the other notes, omitting the two which were only to be paid conditionally.

The evidence of title in *Gibbins* to the land which he sold, consisted of a certificate of purchase from the State of Louisiana, dated December 2d, 1851. The certificate is signed by *W. H. Crenshaw*, Register of the Land Office, and assures to the purchaser within six months after its date, a patent for the land, or for so much thereof as should not be ascertained to be claimed by any valid right of preemption under the Act of the Legislature, approved February 25, 1847. *Gibbins* was aware that the title to one-half of the land thus sold to him by the Register, would not be good, and the plaintiff could not pretend ignorance of that, as the fact is disclosed by the act of sale itself. It is not shown that he was aware that the certificate would not be a good title to the other half, and there is no evidence that it was not a good title, except that the Register of the United States Land Office permitted the plaintiff, on the 8th of April, 1854, to locate a State warrant on the same land. The case is therefore to be viewed in the light of a purchaser of one title, having for his better security, purchased another title to the same land. In such a case, in the absence of any proof of fraud or of an entire failure of the title derived from him, the purchaser will be bound for the price to his first vendor, notwithstanding his second purchase. If the plaintiff had not secured another title to the land, he could have successfully resisted the payment of the price to the defendant, only by showing conclusively that the title he had acquired from the defendant could be of no avail to him. See *Woodward* v. *Ledoux*, 8 An. *Bessy* v. *Pintado*, 3 L. R. 489. *Geidry* v. *Green*, 1 Martin N. S. 475, and the only effect of his having bought up another title is, that he has an equity to require that his vendor should refund to him the money expended in procuring it. *Pepper* v. *Dunlap*, 5 An. 200. *Galloway* v. *Finly et al.*, 12 Peters R. 314. No patent has yet been issued either by the State or by the United States government, and both titles being now united in the plaintiff, the inquiry as to which is the best title, ought not to be entertained in the absence of any proof on the part of the defendant of fraud in imposing on his vendee a title which he knew to be worthless. The Judge of the court below dissolved the injunction, with an increase of interest on the notes from eight to ten per cent. by way of damages, and at the same time ordered a credit to be allowed to the plaintiff for the amount paid by him in perfecting his title.

WATKINS
v.
GIBBINS.

The appellee has asked for an increase of the damages to twenty per cent. As the notes already bore eight per cent. interest, the Judge erred in allowing any additional interest, and we think the case is not a proper one for damages, which ought to have been allowed in the court below, if at all, *eo nomine.*

It is therefore adjudged and decreed, that the judgment of the court below, so far as it allows additional interest on the notes, be reversed; and that in all other respects it be affirmed, and that the costs of this appeal be paid by the defendant and appellees.