## B. C. CROW and R. CADE *v.* MECHANICS' AND TRADERS' BANK.

*It is no part of the duty of a bank to employ counsel, and bring suit upon notes left with it on deposit.*

APPEAL from the District Court of Lafayette, *Dupré*, J.

*M. E. Girard*, for plaintiffs and appellants, *Swayze & Moore*, for defendants.

LEA, J. The plaintiffs, against whom the defendant had obtained a judgment, *in solido*, for the sum of $1,677, with seven per cent. interest, from the 25th of January, 1843, have obtained an injunction against the execution of said judgment, on the ground, (as they allege,) that *with the view* of cancelling and paying said debt, they deposited for collection in the office of said bank at Opelousas, four notes described in the petition, amounting to more than the sum due upon the judgment. They allege that the bank is responsible to them in the amount called for by said notes, which *should have been* collected and applied to the payment of said judgment, as said notes must be presumed to be prescribed against. Wherefore they pray for an injunction. Assuming all the facts set forth in the petition to be true, they do not establish a cause of action sufficient to justify the granting of an order of injunction. A deposit of notes in a banking institution, (in the absence of any special contract specifying distinct obligations,) only imposes upon the bank the duty of receiving the money if paid, and if not paid, of making such demand of payment and causing to be given such notices of demand and non-payment, as might fix the liability of the different parties to the notes.

It is no part of the duty of the bank to employ counsel and bring suit upon notes thus left upon deposit.

It is the business of the owner of the notes, in such cases, to bring suit upon them himself, if he thinks it to his advantage to do so, but he cannot hold a mere depositary liable for a non-performance of acts which he should have attended to himself,

It is not alleged that the depositors have lost their recourse against any of the parties to the notes, otherwise than by the alleged failure of the bank to institute suit thereon, whereby (as the plaintiffs allege in their petition) "said notes must be *presumed* to be prescribed against."

The liability of a mere depositary with authority to receive, is very different

from that of a collecting agent, to whom an assignment has been made for the purpose of collection. The plaintiffs are entitled to plead in compensation of the judgment against them, such sum or sums of money as may have been received by the bank and have not been paid over to the plaintiffs, or their order, or otherwise accounted for.

An examination of the evidence has brought us to the same conclusion as that of the District Judge: that the execution was credited with all that had been received by the bank, and that the injunction was sued out without proper cause or just foundation.

We have been asked, in any event, to amend the judgment in favor of the plaintiff, by reducing the rate of interest allowed from the date of the injunction, from ten to eight per cent., that being the highest rate of interest allowed by law. This application rests upon the authority of repeated decisions which we do not feel at liberty to disturb. See 9 An. 11; also 8 An. 441, with references.

The defendant has also asked for an amendment of the judgment in their favor, allowing twenty per cent. damages, as provided by the Act of 1831. We think a proper case is presented for the allowance of damages. As the general result of these alterations will be to increase the judgment in favor of the appellee, the appellants should pay costs.

It is ordered, that the judgment appealed from be amended; that the injunction herein obtained be dissolved and set aside, and the Sheriff ordered to proceed with the execution of the judgment according to law. It is further ordered, that the defendant do have and recover of the plaintiffs, *Basil C. Crow* and *Robert Cade*, with *Benjamin P. Paxton*, the surety on the injunction bond, *in solido*, the sum of $200, as damages, together with one per cent. additional interest on the amount of the judgment enjoined from the date of the injunction to the dissolution of the same, and that plaintiff pay costs in both courts. It is further ordered, that, except as herein amended, the judgment appealed from be, in other respects, affirmed.