## JOHN P. TODD *v.* PATON & CO.

Where no ground is laid for an action of nullity, an injunction is allowable only for a payment alleged to have been made after judgment rendered.

Where a judgment, the execution of which has been enjoined, bears interest, such additional interest only can be allowed, under the Acts of 1831 and 1833, on dissolving the injunction, as will make the rate allowed equal to the highest conventional interest. Whatever else is allowed can only be in the shape of damages, and the interest is to be allowed only upon the principal of the debt enjoined.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.

*T. A. Bartlette*, for plaintiff and appellant. *Durant & Hornor*, for defendants.

SPOFFORD, J. The plaintiff has enjoined and seeks to annul a judgment obtained against him by the defendants.

The injunction was dissolved with damages, upon exceptions taken to his petition.

There is no ground laid for an action of nullity. The plaintiff does not allege that he has found the receipt to which he alludes. C. P. 607.

The allegation as to moneys made upon the original claim in Pennsylvania, is vague, insufficient, and predicated upon hearsay.

The injunction is an attempt to revive a controversy which was settled in the former action. Such a course is inadmissible, for litigation must have an end. This was a proper case for the infliction of the highest damages, as it is only for a payment alleged to have been made *after* judgment rendered, that an injunction is allowable. Acts 1855, p. 324, sec. 3.

The judgment enjoined bore interest at the rate of six per cent. The interest allowed upon the dissolution of the injunction, therefore, should only have been two per cent. instead of five per cent., as allowed by the District Judge. Where a judgment, the execution of which has been enjoined, bears interest, such additional interest only can be allowed, under the Acts of 1831 and 1833, on dissolving the injunction, as will make the rate allowed equal to the highest conventional interest. Whatever else it may be proper to allow, must be in the form of damages. See *Maxwell* v. *Mallard & Armistead*, 5 Ann. 702; Act March 14th, 1855, sec. 7, (Sess. Acts, p. 325.) And the interest is to be allowed only upon the principal of the debt enjoined, not upon the aggregate of principal, interest and costs. *Lizardi* v. *Hardaway*, 8 Rob. 20.

It is, therefore, ordered that the judgment of the District Court be amended, by reducing the interest allowed on the dissolution of the injunction from five per cent. upon the total amount enjoined, to two per cent. upon the sum of $1,147 16, and that in all other respects the said judgment be affirmed; the costs of appeal to be borne by the defendants and appellees.