## SARAH A. RAIFORD AND HUSBAND *v.* J. B. WOOD AND WIFE.

Where a suit is brought on a promissory note, the property of the wife, in her name conjointly with that of her husband, the husband must be viewed as appearing therein only to assist and authorize his wife, and the judgment rendered in such suit is the property of the wife.

A Sheriff's sale, not recorded in the Recorder's office of the parish where the property is situated, is utterly null and void, except between the parties thereto.

Where the judgment enjoined bears the highest conventional interest, the court on dissolving the injunction cannot add anything to that interest, but in a proper case will inflict the full penalty of twenty per cent. damages.

APPEAL from the District Court of the Parish of Point Coupée, *Ratliff* J. *U. B. & E. Phillips*, for plaintiffs and appellants. *J. H. Farrar*, for defendants.

BUCHANAN, J. This is an injunction sued out by plaintiff, *Mrs. Scott*, to arrest the execution of a judgment against her husband, which carried special mortgage and vendor's privilege upon the land and slaves seized under the execution. It appears that between the date of the judgment and of the seizure in execution, *Mrs. Scott* had become the purchaser at Sheriff's sale, of the same land and slaves seized at the suit of another creditor of her husband.

There are two grounds stated in plaintiff's petition for injunction. The first is, that one of the defendants in this suit, *W. B. Wood*, had waived the pact *de non alienando*, in his mortgage, by consenting to the Sheriff's sale of the land and slaves to *Mrs. Scott*, and consequently could not seize the mortgaged property in her hands without the notices and delays required as against third possessors of mortgaged property.

The second ground of injunction is, that eleven hundred dollars had been paid by petitioner's husband on account of defendant's judgment which had not been credited on the execution.

With regard to the first ground, the testimony offered does not establish any waiver of the pact *de non alienando* on the part of *W. B. Wood*, even supposing that he had the right to make such a waiver—which he had not.

The judgment upon which the seizure was made was a judgment in favor of *William B. Wood* and his wife, *Catherine M. Harbour*, upon a note given by *John S. Scott* in part payment of this same land and these slaves, purchased by him from *Pleasant Harbour*, the father of *Mrs. Wood*, and which note came to her in partition of her father's estate. The mortgage, with the pact *de non alienando*, was stipulated in *Pleasant Harbour's* sale to *Scott*, as a security for the punctual payment of this note.

The evidence thus shows the note and its accessory, the mortgage, to have been the paraphernal property of *Mrs. Wood*, and that her husband, although nominally plaintiff in the suit and judgment on the note, conjointly with his wife, must be viewed as only appearing therein to assist and authorize his wife.

Another sufficient objection to this ground of injunction, urged in argument, is, that the Sheriff's sale was not recorded in the Recorder's office of the parish of Pointe Coupée at the date of the seizure, or at the date of the injunction. It was, therefore, without effect, " utterly null and void," as against the defendants in injunction. Revised Statutes, page 453, verbo Registry. Acts of 1855, page 335.

Upon the second ground of injunction, namely : a partial payment of the debt, no evidence whatever was offered upon the trial.

The judgment of the District Court, dissolving the injunction, must be affirmed ; but requires amendment as to its money clause, as suggested by appellees in an answer to the appeal.

Sections 7th and 8th of the title " Injunction," in Phillip's Revised Statutes, p. 247 declare, that on the trial of injunctions of execution of judgments, the surety on the bond shall 'be considered a party plaintiff in the injunction suit ; and in case the injunction be dissolved, that the court shall condemn the plaintiff and surety, jointly and severally, to pay the defendant in such suit, interest at the rate of eight per cent. per annum, on the amount of the judgment enjoined, and not more than twenty per cent. as damages, unless greater damages are proved. Acts of 1855, p. 325.

The judgment enjoined in this case, bares the highest rate of conventional interest, by its terms ; and under repeated decisions, we are not permitted to add anything to that interest. That judgment, in principal and interest, amounted, at the date of the injunction, to nine thousand dollars and upwards.

We consider this a proper case for the infliction of the full penalty of twenty per cent. damages under the statute ; and there has been no proof of damage beyond that amount.

It is, therefore, adjudged and decreed, that the judgment of the District Court be amended ; that the injunction herein be dissolved ; and that the principal and sureties in the injunction bond, *Sarah Ann Raiford, Auguste Provosty,* and *James Vignes,* in lieu of the damages and interest given by the lower court, be condemned, jointly and severally, to pay to the defendants, *William B. Wood* and *Catharine M. Harbour,* eighteen hundred dollars, as damages, with costs in both courts.