No. 614.

JOHN W. WILLIS VS. S. L. ELAM, ADMINISTRATOR, AND WM. H. McVAE, SHERIFF.

|  |  |
|---|---|
| 28 | 857 |
| 52 | 963 |

The defendant has assigned as error on the face of the papers that the judgment was rendered out of term-time and is therefore null. He relies on section 2017, R. S,, which authorizes the parish judges to adjourn their courts for one week or a less time, and he contends that the judge *a quo* erred in adjourning his court from the third to the fourth Monday after he had previously adjourned it from the second to the third Monday. This court can not concur in this view of the law. The law limits the time during which an adjournment may be made, but it does not prohibit the judge from adjourning his court more than once at the same term.

It is a mistake to suppose that the surviving spouse becomes the heir of the deceased husband or wife and is seized of his or her property by the mere operation of the law.

Article 949 of the Civil Code declares that natural children and the surviving husband or wife, being put into possession of the estate left to them, are not considered as having succeeded to the deceased from the instant of his death; but they do not the less transmit their rights to their heirs, if they die before having made their demand to be put into possession. The reason is that this sort of heirs having only a right of action to cause themselves to be put in possession of successions thus falling to them, this right and this action form a part of their succession, which they transfer to their heirs.

The defendant's claim for damages in consequence of this suit, which was, among other things, to have the administrator dismissed for maladministration and praying for an injunction to prevent the sale of property advertised under a'n order of court, can not be granted. This is not an injunction to restrain the execution of a money judgment, and is not governed by the acts'of 1831 and 1833. The remedy is by a suit on the injunction bond, which right is hereby reserved.

APPEAL from the Parish Court, parish of Franklin. *Brice, J. Morrison & Farmer,* for plaintiff and appellee. *Charles J. Boatner,* for defendant and appellant.

LUDELING, C. J. The petition in this case is very lengthy, not perspicuous, and somewhat contradictory. In his brief, the plaintiff says that he sues as the owner of the interest of two of the heirs of Elizabeth Wansley, to have her heirs declared to be the owners of the estate of H. B. Herring, her former husband, who, it is alleged, died without other heirs, and to be put in possession of said estate, to have the administrator removed for maladministration, and for an injunction to prevent the sale of property advertised under an order of court.

The answer denies the interest of Willis in the matter or his right to bring this suit, and he prays that the injunction may be dissolved with damages.

The defendant has assigned as error on the face of the papers that the judgment was rendered out of term-time and is therefore null. He relies on section 2017 of the Revised Statutes, which authorizes the parish judges to adjourn their courts for one week or a less time, and he contends that the judge *a quo* erred in adjourning his court from the third to the fourth Monday, after he had previously adjourned it from the second to the third Monday. We can not concur in this view of the law. The law limits the time during which an adjournment may be made, but it does not prohibit the judge from adjourning his court oftener than once at the same term.

The record shows that the estate of H. B. Herring was opened and administered upon by his widow, who afterward married Wansley, and died without closing the administration. That S. L. Elam was then appointed administrator of the estate of Herring, and that he duly qualified as such. It further appears that Mrs. Wansley left no children or ascendants, but collateral heirs, some of whom are minors; that J. W.

Willis, the plaintiff, purchased the right and interest of two of the heirs of Mrs. Wansley in and to her succession, which is under administration, and that Willis has accepted the succession with benefit of inventory. There is no proof of maladministration on the part of the administrator in this record. The allegations of the petitioner show that the estate of Herring is indebted to the estate of Wansley, which is being administered by her surviving husband; and the record shows that she had not accepted the succession of Herring or demanded to be put into possession thereof, when she died.

It is a mistake to suppose the surviving spouse becomes the heir of the deceased husband or wife, and is seized of his property, by the mere operation of the law.

Article 949 of the Civil Code declares that "natural children and the surviving husband or wife being put into possession of the estate left to them, are not considered as having succeeded to the deceased from the instant of his death; but they do not the less transmit their rights to their heirs, if they die before having made their demand to be put into possession. The reason is, that this sort of heirs having only a right of action to cause themselves to be put into possession of successions thus falling to them, this right and this action form a part of their succession, which they transmit to their heirs."

There being debts, and a part of the heirs being minors, who could only accept with benefit of inventory, and some of the heirs of age having accepted with benefit of inventory, there existed a necessity for an administration. C. C. 1041. The rights of the plaintiff, as purchaser of the interests of two of the heirs of Mrs. Wansley, whatever they may be, will attach to the residuum of the estates of H. B. Herring and of Mrs. Wansley, after paying debts and law charges. The defendant has asked for damages resulting from this suit.

This is not an injunction to restrain the execution of a money judgment, and is not governed by the acts of 1831 and 1833. The remedy is by a suit on the injunction bond, which right is hereby reserved to defendant.

It is therefore ordered and adjudged that the judgment of the lower court be reversed and annulled, and that there be judgment rejecting the plaintiff's demand and dissolving the injunction, with costs of both courts.

Rehearing refused.