## No. 12.

STATE OF LOUISIANA EX REL. SOLOMON WISE VS. S. L. TAYLOR, JUDGE OF THE FIRST JUDICIAL DISTRICT COURT.

The Judge of a District Court cannot be compelled by Mandamus to issue an Order of Seizure and Sale. His refusal to do it can only be revised by this Court on Appeal.

APPLICATION for Writ of Mandamus.

J. L. Hargrove and Looney & Elstner for the Relator.

The opinion of the Court was delivered by

POOHÉ, J.   Relator applies for a writ of mandamus to compel the

judge to sign an order of seizure and sale, on a note secured by mortgage, with copy annexed in due form, presented to him by relator for executory process ; which order was refused by the judge for reasons which he gave in writing.

In answer to the alternative writ, the judge urges, among other reasons, against the application, that he cannot be compelled under the law, by mandamus, to grant the order and relief prayed for in relator's petition ; that having acted on said petition, his course in the premises, can be revised by this Court by an appeal only, and not by mandamus.

The mere statement of the case is in itself a solution of the question involved. The writ of mandamus lies to compel the judge of an inferior court to perform any of the duties required of him by law, but not to compel him to grant an order, or render a judgment in a specific manner, when legal discretion is vested in him. He can be compelled by mandamus to render a decision, but he cannot be dictated, by that writ what, or in what manner, he must decide.

Hence this Court has refused to compel a judge of an inferior court, by mandamus, to grant a writ of injunction and of sequestration, holding that the injured party's remedy was by an appeal from the judge's refusal. 28 A. 905 ; 31 A. 794 ; 32 A. 549.

In the case of the State ex rel. W. P. Ames vs. the Judge of the Second District Court of New Orleans, not yet reported, we refused a writ of mandamus to compel the judge to homologate the proceedings of a family meeting, holding that we could not dictate to a judge the particular decision which he should render in any cause, and that his acts could only be reversed on appeal.

In this case, the judge has not refused to act or decide on the relief which was asked by the relator, but he decided that relator was not entitled to the order prayed for. By granting the mandamus asked at our hands, we would virtually decree that his decision was erroneous, and thus we would transcend our jurisdiction, as defined and limited by the Constitution. 17 A. 328.

It has been frequently held that an order of seizure and sale is a judgment to the extent of being appealable. It follows as a corollary to this proposition, that the refusal of such an order must be a judgment to the extent of being subject to appeal, and therein lies the remedy of relator in this case.

It is therefore ordered that the peremptory mandamus prayed for is refused at relator's cost.