144 So. 604

**BRANTLEY v. PRUITT et al.**

**SAME v. HAYS et al.**

No. 31508.

June 20, 1932.

On Rehearing Oct. 31, 1932.

J. Rush Wimberly, of Arcadia, for appellant.

Goff & Goff, of Arcadia, for appellees.

LAND, J.

The defendants brought separate suits against plaintiff for damages suffered by them in an automobile accident and obtained judgments against him. Pruett v. Brantley, 13 La. App. 208, 127 So. 2; Lem M. Hays v. Brantley, 13 La. App. 219, 127 So. 5.

The plaintiff in each of these suits caused execution to issue, and seized and advertised for sale 145 acres of land in Sec. 2 and Sec. 3, T. 17, N. R. 6 W., in the parish of Bienville, belonging to plaintiff.

The sale of the property was enjoined by plaintiff, on the ground that he was a farmer, and the head of a family with a wife dependent upon him for support; that he was the bona fide owner of the land, and occupied the same as a home; and that the property was exempt as a homestead from seizure and sale under the Constitution and laws of the state.

Defendant in each case moved to dissolve the preliminary writ of injunction issued on the ground, among others, that plaintiff does not occupy the land as a homestead, and is therefore not entitled to the exemption claimed. Each defendant prayed for dissolution of the writ and for damages for attorneys' fees, and statutory damages. The motions to dissolve were referred to the merits. The cases were consolidated for the purpose of trial, and counsel for defendants moved the court that the motions be tried and considered separately from the merits.

The cases were tried, resulting in judgments in favor of defendants, dissolving the writ of injunction in each case, and awarding statutory damages of 20 per cent., less the 5 per cent. interest included in the original judgment, in solido against the plaintiff and the surety on his injunction bond.

From these judgments the plaintiff has appealed, but the surety has not appealed.

1. Plaintiff sold the property on which he had lived for a great many years to his son-in-law, B. S. Hiser, and plaintiff and his wife reside with him.

Plaintiff does not claim to have ever resided on the property seized herein and advertised for sale. He admits in his testimony that he does not live on it, and that he has never at any time lived on it.

As early as the 40th La. Ann., Denis v. Gayle (40 La. Ann. 286, 4 So. 3), this court laid down four indispensable conditions for a debtor to combine in himself in order to claim exemption of property as a homestead, viz.:

(a) He must be the bona fide owner of the land;

(b) He must occupy the premises as a residence;

(c) He must have a family or person or persons dependent on him for support;

(d) And the property must not exceed in value $2,000.

It is well settled that the absence of any one of these conditions in the debtor will defeat his claim for homestead exemption. To entitle him to the homestead, all the conditions must coexist at the very time that the claim is propounded. Denis v. Gayle, 40 La. Ann. 290, 4 So. 3; Hayden v. Sheriff, 43 La. Ann. 385, 8 So. 919; Martin v. Walker, 43 La. Ann. 1021, 10 So. 365; Clausen v. Sanders, 109 La. 996, 34 So. 53.

It follows, necessarily, that as plaintiff does not reside upon the land claimed as a homestead, he is not entitled to the exemption herein set up by him.

2. The injunction dissolved in this case is not one restraining the sale of specific property as not belonging to the judgment debtor but to plaintiff, but is an injunction against the execution of judgments for money, under Code of Practice, article 304. In such a case it is not necessary to relegate defendant to an action on plaintiff's injunction bond for damages, since it is specially provided in that article that: "On the trial of the injunction, the surety on the bond shall be considered as a party plaintiff in the suit; and in case the injunction be dissolved, the court, in the same judgment, shall condemn the plaintiff and surety * * * jointly and severally, to pay to the defendant interest at the rate of eight per cent. per annum on the amount of the judgment, and not more than twenty per cent. as damages, unless damages to a greater amount be proved; and the sureties in such cases shall not be allowed to avail themselves of the plea of discussion."

It is well settled that, on the dissolution of an injunction directed against the execution of a money judgment, the judge may allow damages to the amount of 20 per cent. on the judgment enjoined without proof. Timken v. Wisner Estates, 153 La. 268, 95 So. 711, and numerous cases there cited.

No attorneys' fees have been allowed as special damages in this case, and defendants have neither appealed nor answered the appeal and prayed for amendment of the judgment in that respect.

The rule, therefore, that when an injunction is dissolved on the merits and not on a motion to dissolve, attorneys' fees will not be allowed, has no application to this case. Kavanaugh v. Frost-Johnson Lumber Co., 149 La. 972, 90 So. 275; Three Rivers Oil Co. v. Laurence, 153 La. 224, 95 So. 652.

In our opinion, the judgments appealed from are correct.

Judgments affirmed.

## On Rehearing.

ROGERS, J.

A re-examination of this case has confirmed our opinion that plaintiff is not entitled to the homestead exemption claimed by him.

In considering the question of the damages awarded on the dissolution of the injunction, we are confronted by two propositions, viz.: Whether, because of the homestead exemption attaching to a certain bay mule seized and advertised for sale with the land, any damages whatever can be allowed, and whether the law authorizing the imposition of statutory damages is applicable to a case in which the facts are as disclosed by this record.

First. The mule in question was never removed from plaintiff's land. Mr. Ben Hiser, plaintiff's son-in-law, with whom plaintiff resides, was appointed by the sheriff keeper of the mule at the time of the seizure. Subsequently, the mule, until it became crippled, was used in plowing plaintiff's land. The evidence shows that prior to the filing of the injunction suit the sheriff was instructed orally by defendants' attorney to release the mule from seizure. It is true Mr. Hiser testified he was never notified of the release, but plaintiff appears to have been aware of the fact, because he stated, when asked by his attorney if he owned property other than that which had been seized, that he owned "one mule." Plaintiff's attorney then asked the question, "Well, it was seized too, wasn't it?" To which plaintiff answered, "Well, No. Yes, it was seized too."

The question of the seizure of the mule was not apparently seriously considered on the trial of the case in the district court. In any event, plaintiff was expressly informed at that time by the testimony of defendants' attorney that defendant had surrendered any claim to the mule. Nevertheless, plaintiff persisted in his attempt to enjoin the execution of defendants' judgments against his real estate, which was the real purpose of his injunction suit. He vigorously contested the legality of the seizure of this property, both in the court below and in this court. It was his nonsuccess in that respect which renders him responsible in damages to defendants.

Second. H. W. Pruitt recovered judgment for $3,215.80, with interest, in his damage suit against J. B. Brantley, and L. M. Hays recovered judgment for $385.19, with interest, in his damage suit against J. B. Brantley.

Pruitt, in his rule to dissolve the injunction, prayed for the recovery from Brantley and his surety of $200 attorney fees and 20 per cent. on the amount of the judgment enjoined, aggregating $700, as statutory damages.

Hays, in his rule to dissolve the injunction, prayed for the recovery from Brantley and his surety of $100 attorney fees and 20 per cent. on the amount of the judgment enjoined, aggregating $100, as statutory damages.

The court below did not allow any damages for attorney fees, but it did allow the 20 per cent. statutory damages claimed, less the 5 per cent. interest provided in the judgments enjoined; the 15 per cent. allowed as damages amounting to $482.37 in the case of Pruitt, and to $57.76 in the case of Hays.

Article 304 of the Code of Practice provides that in a judgment dissolving an injunction

against the execution of a judgment, the judge shall at the same time condemn the plaintiff and his surety, jointly and severally, to pay the defendant interest at 8 per cent. per annum on the amount of the judgment enjoined, and not more than 20 per cent. as damages, unless damages to a greater amount be proved.

■ The codal provision is the reproduction of section 8 of Act No. 262 of 1855, page 325, which is, itself, with the exception of the reduction of the rate of interest from 10 per cent. to 8 per cent., the re-enactment of section 3 of Act No. 48 of 1831, page 102. And it has been repeatedly held under the statutes and the codal article that it is only where a money judgment is enjoined that damages can be awarded on the dissolution of an injunction. Willis v. Elam, 28 La. Ann. 857; Morris v. Bienvenu, 30 La. Ann. 878; Green v. Reagan, 32 La. Ann. 977; Verges v. Gonzales, 33 La. Ann. 410.

Appellant complains of the award of statutory damages on the dissolution of the injunctions on the ground that the injunctive process was not invoked against the execution of a money judgment but simply against the seizing of specific property, and that appellees' remedy, if any, is confined to a suit on the injunction bonds.

■ Both judgments enjoined are unquestionably money judgments. Each is for a specific sum, and represents in money the judicial award for damages suffered by the judgment creditor in an automobile accident. And this court has expressly decided that the statutory damages may be allowed on the dissolution of an injunction against the sale of specific property seized in the execution of a money judgment. Betts v. Mougin, 15 La. Ann. 52; Rivet v. George M. Murrell Planting & Mfg. Co., 121 La. 201, 46 So. 210, 126 Am. St. Rep. 320. In fact, with the exception of the seizure of incorporeal rights, it is difficult to understand how a judgment ordering the payment of a sum of money can be executed unless specific property, movable or immovable, is seized and sold under a writ of fieri facias.

■ The objection that because of the amount of the judgment enjoined the statutory penalty might be wholly out of proportion to the value of the specific property seized is successfully answered by the codal provision itself, which vests unlimited discretion in the court in the assessment of the 20 per cent. penalty. See Arnous v. Lesassier, 12 La. 124; Wilcox v. Bundy, 13 La. 381; De Lizardi v. Hardaway, 8 Rob. 20; Barrow v. Bank of Louisiana, 2 La. Ann. 453; Wise v. Guthrie, 11 La. Ann. 91; Donnell v. Parrott, 13 La. Ann. 251. But while the assessment of statutory damages is within the court's discretion, it is otherwise as to the interest which, under the imperative language of the codal provision, must be allowed at such rate as will make the interest equal to 8 per cent. from the issuance of the injunction to its dissolution. Dabbs v. Hemken, 3 Rob. 123; De Lizardi v. Hardaway, 8 Rob. 20; Stafford v. Mead, 9 Rob. 142; Whittemore v. Watts, 10 Rob. 39; Aillet v. Henry, 2 La. Ann. 145; Dwight v. Richard, 4 La. Ann. 240; Erwin v. Bank of Kentucky, 5 La. Ann. 1; Maxwell v. Mallard & Armistead, 5 La. Ann. 702; Woods v. Wylie & Egana, 8 La. Ann. 18; Hood v. Knox, 8 La. Ann. 73; Mills v. Jones, 9 La. Ann. 11; Watkins v. Gibbins, 10 La. Ann. 142; City of New Orleans v. Cordevialle, 10 La. Ann. 734; Davis v. Car-

roll, 11 La. Ann. 705; Todd v. Paton & Co., 12 La. Ann. 88; Crow v. Bank, 12 La. Ann. 692; Davis v. Compton, 13 La. Ann. 396; Raiford v. Wood, 14 La. Ann. 116; Lallande v. Ingram, 19 La. Ann. 364.

The court below did not award any damages in the way of interest as provided by the statute, and neither of the appellees has asked, by appeal or by answer to the appeal, for any amendment of the judgment in that respect.

The damages authorized by article 304 of the Code of Practice are punitory in their character. Meaux v. Pittman, 35 La. Ann. 361; Whitney-Central Nat. Bank v. Sinnott, 136 La. 95, 66 So. 551; Kentwood Bank v. McClendon, 152 La. 489, 93 So. 748. Considering this fact in connection with the circumstances of this case, we have concluded that the damages awarded by the district court are excessive. The tract of land against which the execution is sought consists of 145 acres, which, as we read the whole testimony in the case, is worth not over $1,000. An allowance of punitory damages totaling $540.13, with 5 per cent. interest thereon until paid, for arresting the execution of two judgments aggregating $3,600.99, with interest thereon, against a tract of land of such small value is entirely too large. We think the damages in favor of Pruitt should be reduced to $100, and that the damages in favor of Hays should be reduced to $50; Brantley to pay the costs of the appeals. Cf. Amet v. Boyer, 42 La. Ann. 831, 8 So. 588.

For the reasons assigned, the judgment herein appealed from in favor of Herschel W. Pruitt is amended by reducing the amount of damages awarded to $100, and the judgment herein appealed from in favor of Lem M. Hays is amended by reducing the amount of damages awarded to $50, costs of both appeals to be paid by the appellant Brantley; and, as thus amended, the said judgments are affirmed. The right of the appellees to ask for a rehearing is reserved.

O'NIELL, C. J., and OVERTON, J., dissent from the allowance of damages.

ST. PAUL, J., takes no part.

O'NIELL, C. J. (dissenting).

My opinion is that the penalty prescribed by article 304 of the Code of Practice is applicable only where the execution of a judgment is prevented by injunction, and is not applicable where the injunction prevents only the seizure and sale of some particular article or piece of property. If it were not so there would be no reason for compelling the judge to base the 8 per cent. interest per annum, and the punitory damages not exceeding 20 per cent., "on the amount of the judgment." This court has observed heretofore that the damages which are allowed under this article of the Code of Practice, without any proof of actual damages, are "punitory in their character." Meaux v. Pittman, 35 La. Ann. 360; Whitney-Central National Bank v. Sinnott, 136 La. 95, 66 So. 551. Why should the penalty imposed upon a plaintiff who fails to maintain a writ of injunction which he has obtained be in proportion to the amount of the judgment held by the defendant, unless it be in a case where the injunction has prevented the execution of the judgment itself?

According to the prevailing opinion in this case, one who obtains a writ of injunction to

prevent the seizure and sale of his horse or mule, seized with other property, under a judgment for many thousands of dollars, thereby incurs the risk of having to pay 8 per cent. per annum interest on the whole amount of the judgment, and damages not exceeding 20 per cent. on the whole amount of the judgment, even though the holder of the judgment may go ahead with the sale of all of the other property seized to satisfy the judgment, and even though the 8 per cent. interest alone might amount to more than the value of the horse or mule.

I concede that in Betts v. Mougin, 15 La. Ann. 52, the court construed article 304 of the Code of Practice as it is construed in the prevailing opinion in the present case; and Betts v. Mougin was cited with approval in Rivet v. George M. Murrell Planting & Manufacturing Co., 121 La. 201, 46 So. 210, 211, 126 Am. St. Rep. 320; but these decisions are so palpably wrong that they should not be adhered to, especially as they did not lay down a rule of property, or announce a doctrine of substantive law, but merely interpreted a rule of practice or procedure. In Rivet's Case the defendant in the injunction suit did not ask for the 8 per cent. interest or the punitory damages allowable under article 304 of the Code of Practice, but asked only for $50 damages for attorney's fees; and he failed to prove any damages for attorney's fees. The district judge, therefore, could not and did not allow any damages for attorney's fees, but he did allow the punitory damages to the full extent of 20 per cent. of the amount of the judgment, even though no such damages were prayed for. This court affirmed the judgment, saying: "Where damages are claimed for attorney fees, the judge may al-

low the same without proof, to an amount not exceeding 20 per cent. upon the judgment enjoined." But afterwards, in Whitney-Central National Bank v. Sinnott, we reviewed the jurisprudence and the statutes on this subject and held that damages for attorneys' fees could not be allowed without proof of the amount of the obligation paid or incurred by the defendant in the injunction suit. The converse of that proposition is all that the Rivet Case could be deemed authority for, which is not appropriate to the present case.