Dear Mr. Burkett:
On behalf of the tax assessor, you requested the opinion of this office on a number of questions listed below. Following is a recap of your questions with a response.
1. What are the legal requirements for homestead eligibility?
 (a) In light of the above, please define occupied as it relates to eligibility for homestead.
Article VII, § 20(A) of the Louisiana Constitution of 1974 provides in pertinent part:
 (1) The bona fide homestead, consisting of a tract of land or two or more tracts of land with a residence on one tract and a field, pasture, or garden on the other tract or tracts, not exceeding one hundred sixty acres, buildings and appurtenances, whether rural or urban, owned and occupied by any person shall be exempt from state, parish, and special ad valorem taxes to the extent of seven thousand five hundred dollars of the assessed valuation.
It is difficult to set forth any general rules as to what facts and circumstances are necessary to establish the homestead exemption. Every claim for a homestead exemption must be determined according to the particular facts and circumstances surrounding the application. See 10 La.L.Rev. 405, 409 (1950). However, previous court cases and Attorney General opinions may offer guidance to you, as Assessor, when making determinations regarding the applicability of the homestead exemption.
Based on the language found in Article VII, § 20 and previous Attorney General Opinions, the requirements to qualify for the homestead exemption are as follows:
(1) A tract of land,
(2) A residence thereon, and the
(3) Ownership, and
(4) Occupation of both by,
(5) A person
See Article VII, § 20(A) supra, Op. Atty. Gen. No. 86-364 (November 12, 1986), citing to Op. Atty. Gen. No. 84-1058 (January 11, 1985), Op. Atty. Gen. No. 80-1474 (November 20, 1980), Op. Atty. Gen. No. 79-24 (May 8, 1979).
Attorney General Opinion No. 92-269 (May 12, 1992) recently addressed what constitutes "occupied" for the purposes of the homestead exemption. A copy of Opinion No. 92-269 is enclosed for your reference.
 2. Can a person referred to as a "snowbird", who is a citizen of one state by paying income tax, voting, or having a driver's license, and spending the winter months or a few months out of the year at another location, be eligible for homestead at that location if all other requirements are met?
As a general rule, if all other requirements of occupancy are met, a person may be entitled to the exemption, even if the taxpayer is a citizen of another state or country. As noted in Attorney General Opinion 1948-50 p. 729 (April 26, 1949), the provision of the Louisiana Constitution do not make citizenship in Louisiana or the United States a prerequisite to obtaining the homestead exemption. However, a taxpayer is entitled to only one homestead exemption. If two pieces of property are claimed as a homestead, one must be occupied as residence by the claimant and the other must be used as a field, garden or pasture by the same claimant. See Op. Atty. Gen. 1940-42, p. 4117 (April 29, 1940), Op. Atty. Gen. 1942-44, p. 1660 (December 30, 1942), Op. Atty. Gen. 1942-44, p. 1678 (April 30, 1943) citing to Op. Atty. Gen. 1942-44, p. 1660 (December 30, 1942).
 3. Can a person be an active voter in one state or parish and claim homestead exemption in another parish?
A homeowner who establishes another residence for political purposes, i.e. voting, does not lose his homestead exemption on the original property if the homeowner meets the requirements of the homestead exemption and if the homeowner intends to return to the home with the exemption at some point in the future. Op. Atty. Gen. No. 86-364 (November 12, 1986).
 4. Definition of buildings and improvements for homestead purposes.
 (a) Does this extend to more than one building on the same tract that is maintained as a residence?
 (b) Does this extend to out buildings, storage buildings, workshops, etc., used for personal reasons?
"Buildings and appurtenances" for purposes of the homestead exemption are considered as those buildings and appurtenances located on the tract of land owned and occupied by the person owning the buildings and appurtenances. See Op. Atty. Gen. No. 80-1474 (November 20, 1974).
Although we found no specific definition for "buildings and appurtenances" for the purposes of the homestead exemption, the words of a law must be construed according to the common and approved usage of the language. LSA-R.S. 1:3 (West 1992). Black's Law Dictionary defines "building" as a:
 [s]tructure designed for habitation, shelter, storage, trade, manufacture, religion, business, education, and the like. A structure or edifice enclosing a space within its walls, and usually, but not necessarily, covered with a roof.
An "appurtenance" is defined therein as
 . . . [t]hat which belongs to something else; an adjunct; an appendage. Something annexed to another thing more worthy as principal, and which passes as incident to it, as a right of way or other easement to land; an outhouse, barn, garden or orchard, to a house or messuage. . . [citations omitted]. An article adapted to the use of the property to which it is connected, and which was intended to be a permanent accession to the freehold. A thing is deemed to be incidental or appurtenant to land when it is by right used with the land for its benefit, as in the case of a way, or watercourse, or of a passage for light, air, or heat from or across the land of another.
The homestead exemption may extend to more than one building on the same tract of land that has the building which is maintained as a residence or to out buildings, storage buildings, workshops, etc., if such structures are buildings and appurtenances located on the tract of land owned and occupied by the person owning the buildings and appurtenances and no other factors would suggest otherwise, i.e., renting one of the buildings, using the building for commercial purposes, etc.
 5. Does a mobile home or second house used for storage purposes only qualify for homestead exemptions?
In order to qualify for the exemption, the mobile home or second house must be occupied as a residence, or considered as a building or appurtenance to the homestead and located on the tract of land owned and occupied by the person owning the building and appurtenances. See also answers to questions Nos. 1 and 4.
 6. Does a pastor who owns property in his name qualify for homestead exemption on said property, even though he lives in a church parsonage whether located in the same parish or a different parish?
It is possible for a pastor who owns property in his name to qualify for homestead exemption on said property, even though he lives in a church parsonage whether located in the same parish or in a different parish. However, in order to be entitled to a homestead exemption, the pastor must meet the requirements of the homestead exemption outlined herein. Furthermore, before the homestead exemption may be granted, it is necessary that the homestead be actually occupied as a residence by the owner claiming the exemption. Op. Atty. Gen. 92-269 (May 12, 1992) citing to Brantley v. Pruitt, 175 LA. 879, 144 So. 604 (La. 1932) and Op. Atty. Gen. 1940-42, p. 4117; Op. Atty. Gen. No. 79-493 (June 8, 1979).
 7. Does the Tax Assessor have legal authority to deny homestead exemption application if certain circumstances reveal that that person is not a full time domiciliary at that location?
As stated earlier, the determination of whether or not to grant the homestead exemption is based upon the facts of each case. Under LSA-R.S. 47:1957, the Assessor is charged with the duty to make a reasonable inspection and determination of all taxable property within his jurisdiction. As such, the Assessor must make the determination of whether the homestead exemption is applicable or not. See 10 La.L.Rev. at p. 408 (1950). Whether or not an applicant for the homestead exemption is full time domiciliary of a particular location is a fact to be considered by you in making a determination of whether to grant the homestead exemption.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ELIZABETH K. HARRIS Assistant Attorney General
RPI/EKH/jav 189n
Enclosure