Dear Mr. Martin:
On your behalf the Louisiana Tax Commission has requested the opinion of this office regarding what constitutes occupancy for purposes of determining entitlement to the homestead exemption. Specifically, we have been asked to address three separate questions, as set forth below.
Before addressing your specific questions, we must advise that the determination of whether property is subject to an ad valorem tax exemption is a factual determination which is the responsibility of the various tax assessors, subject to review by the Tax Commission, and ultimately the courts. La. Const. VII, Sec. 18; R.S. 47:1952. Since the determination is a factual one, it is difficult to set forth any general rules as to what facts and circumstances which you should consider, or which are necessary to establish the homestead exemption.
Every claim for a homestead exemption must be determined according to the particular facts and circumstances surrounding the particula application. However, the previous court cases and Attorney General's opinions referred to herein may offer some guidance to you, as Assessor, as you make these decisions. In making determinations regarding homestead exemptions, due consideration should be given to the jurisprudence of this state, which has consistently held that exemptions from taxation must be strictly construed against the person(s) claiming the exemption. Mattingly v. Vial, 190 So. 313 (La. 1939); RustonHospital v. Riser, 191 So.2d 665 (La.App. 2nd Cir. 1966).
1. "Does the exemption apply for individuals working overseas and occupied by brothers, sisters, parents or wife and children? lf rented? If vacant? Please address the issue as a non-military individual, addressing a year or less situation and a period of perhaps five (5) years."
Op. Atty. Gen. 92-269, previously released by this office, appears to address your first question. Therein, this of office opined:
 "The property claimed as a homestead must be actually occupied as a residence by the owner claiming the exemption. Brantley v. Pruitt, 175 La. 879, 144 So. 604 (La. 1932); Op. Atty. Gen. 1940-42, p. 4117. Once the homestead character attaches to the property, continuous and actual occupancy of the property claimed is unnecessary as a taxpayer does not lose the exemption by temporary absence. Op. Atty. Gen. 1948-50, p. 729. Attorney General opinions have found this to be the case where a person while living away returns to occupy the property regularly and does not rent the property to another; and where a person is required to live away from home and allows relatives to occupy the property rent free.
Op. Atty. Gen. 1936-38, p. 1054; Op. Atty. Gen. 1940-42, p. 4088. If, however, the owner who claims the homestead never intends to return, even for any element of time in the future to occupy the residence as his home, then the owner would not be entitled to the homestead exemption. Op. Atty. Gen. 84-1058." (Emphasis added).
What is essential is that the homestead remain available for occupancy by its owner at all times, and that the owner intends to return to the homestead and again occupy it as his home. Op. Atty. Gen. 84-1058, Op. Atty. Gen. 77-470.
Please be advised that it is also the opinion of this office that the length of time that a person is away from his homestead is not, in and of itself, necessarily determinative of whether that person intends to occupy the home as his homestead. What is important is the intention to return. While the length of time a person has been away from a residence may be considered as a factor in your evaluation, you must consider all of the facts and circumstances of each application.
2. "Camps at Cypremort Point owned by taxpayers from neighboring parishes are cancelling their homestead exemption in those parishes and applying for homestead exemption on their camps in St. Mary. Indications are that they are maintaining their original residence."
In Op. Atty. Gen. 92-269, this office recognized that a person may have more than one residence, and that the is entitled to have a homestead exemption on one of them as long as the intends to return to the one residence where he claims the exemption at some point in the future, The same conclusion was reached in Op. Atty. Gen. 86-364. Of course, both of these opinions presume, as indicated by use of the word "return", that an individual claiming the exemption who is not currently occupying the home claimed as his homestead has actually "occupied" the home as his homestead at some point in the past. As such, you should no doubt consider whether the taxpayers in question have "occupied" their camps in the past, when you make your determination regarding their applications.
3. "Camps at Cypremort Point owned by taxpayers from neighboring parishes and the taxpayers are renting apartments or houses and are not receiving homestead exemption in their respective parishes. Most of these are physicians, business owners, attorneys and students at USL. Indications are they are maintaining their present apartments or rent houses and residing and working out of the Parish. Please indicate method to be used in determining residency."
We must point out that the use of the term "residency" is somewhat of a misnomer, as the constitutional provision pertaining to the homestead exemption does not refer to residency, but instead to occupancy. Although taxpayers can maintain more than one residence, they can only maintain one homestead. Op. Atty. Gen 86-364; Op. Atty. Gen 92-269. Our answer to your second question would also be applicable to your third question. Furthermore, as is no doubt clear from our answers to your previous questions, the determination which you must make with regard to occupancy is a factual one.
We trust the foregoing to be of some assistance.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ______________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
cc: Louisiana Tax Commission
State of Louisiana DEPARTMENT OF JUSTICE BATON ROUGE P.O. Box 94005 RICHARD P. IEYOUB 70804-9005 TEL: (504) 342-7013 ATTORNEY GENERAL FAX: (504) 342-7335
 MAY 6, 1996 OPINION NUMBER 96-182
Ms. Ann R. Laurence, CLAA Executive Secretary 125 — TAXATION — Homestead Exemption Louisiana Tax Commission La. Const. Art. VII, Sec. 20
P.O. Box 66788 Baton Rouge, Louisiana 70896 The legal "residency" or "domicile" of the owner of a particular residence is not directly relevant to a determination of whether that residence qualifies as a "bona fide homestead" for purposes of the homestead exemption. Rather, La. Const. Art. VII, Sec. 20(A) refers to the requirement that the residence be "owned and occupied by any person".