Dear Mr. Dean:
You have requested an opinion of the Attorney General regarding the homestead exemption granted pursuant to Article VII, Section 20(A)(1). You state that the owner of a residence located in your parish qualified for the homestead exemption. She and her husband operate a business in another state and, when there, rent an apartment.
Neither the husband nor the wife claim another homestead exemption. Visits to the home in LaSalle Parish last from three to fourteen days at a time. They spend approximately five months out of the year in the LaSalle Parish residence. You specifically ask whether the owner qualifies for the homestead exemption.
Before addressing your inquiry, we must advise that the determination of whether property is subject to an ad valorem tax exemption is a factual determination which is the responsibility of the various tax assessors, subject to review by the Tax Commission and, ultimately, the courts. Article VII, Section 18
of the Louisiana Constitution of 1974.
Every claim for a homestead exemption must be determined according to the particular facts and circumstances surrounding the application. However, previous court cases and Attorney General Opinions may offer some guidance to you, as Assessor, in making this decision. Due consideration should be given to the jurisprudence of this state which has consistently held that exemptions from taxation must be strictly construed against the person(s) claiming the exemption. Mattingly v. Vial, 193 La. 1,190 So. 313 (1939).
Article VII, Section 20(A)(1) of the Louisiana Constitution of 1974 provides, in pertinent part, the following:
 § 20. Homestead Exemption
 Section 20. (A) Homeowners.
 (1) The bona fide homestead, consisting of a tract of land or two or more tracts of land with a residence on one tract and a field, pasture, or garden on the other tract or tracts, not exceeding one hundred sixty acres, buildings and appurtenances, whether rural or urban, owned and occupied by any person, shall be exempt from state, parish, and special ad valorem taxes to the extent of seven thousand five hundred dollars of the assessed valuation. (Emphasis added.)
As can be gleaned from the above, Section 20 requires that the property in question be "owned and occupied by any person". The Constitution does not define the term "occupied". However, it is well settled that the property claimed as a homestead must be actually occupied as a residence by the owner claiming the exemption. Brantley v. Pruitt, 175 La. 879, 144 So. 604
(1932).
Once the homestead character attaches to the property, continuous and actual occupancy of the property claimed is unnecessary as a taxpayer does not lose the exemption by temporary absence. Thus, for example, an exemption is not forfeited where a person, while living elsewhere, returns to occupy the property regularly and does not rent the property to another. However, if the owner who claims the homestead never intends to return in the future to occupy the residence as his or her home, then he or she would not be entitled to the homestead exemption. Attorney General Opinion Nos. 96-182, 96-99, 92-593, 92-269 and 84-1058.
We further opine that the length of time that a person is away from the homestead is not, in and of itself, necessarily determinative of whether that person intends to "occupy" the home. What is important is the intention to return. Attorney General Opinion No. 96-99.
In Op.Atty.Gen., 1936-38, p. 1054, we concluded that a taxpayer who retained his Louisiana home, while working elsewhere, using his home occasionally during his vacation or holidays, would be entitled to the homestead exemption.
Likewise, in Op.Atty.Gen. 1940-42, p. 4092, we held that an individual, renting a house and working in Baton Rouge, was entitled to claim a homestead exemption on his residence in Monroe. In that case, the owner returned to Monroe approximately three times per month.
Applying the jurisprudence and prior opinions of this office to your factual scenario, it would appear that the constitutional requirement that the homestead be "owned and occupied" has been met.
We trust the foregoing to be of some assistance in making your determination.
With kindest regards, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/sfj