Dear Mr. Ellzey:
You have requested an opinion of the Attorney General relative to the donation of a home on 5.80 acres of land to a minor child and the applicability of the homestead exemption thereto. The factual scenario concerning your inquiry can be briefly stated as follows:
A husband and wife with three children are divorced. The court awarded joint custody to the parents, with the stipulation that the children are tolive and reside with the mother. On September 1, 1998, the father donated a home on 5.80 acres of land to their 10 year old daughter (Property A). On September 1, 1998, the father sold a home with 8.88 acres of land to their son (Property B). On January 28, 2000, the father repurchased Property B from the son and applied for a homestead exemption on March 9, 2000. His application is pending.
The father states that he lives with the daughter "part-time" at Property A. The mother states that the daughter lives and resides with her at a different residence, completely separate and apart from Property A and Property B.
You first ask the proper procedure to be followed for the minor daughter to accept the donation of Property A from the father. In answer to your question, I refer you to Article 1546 of the Louisiana Civil Code and Article 4275 of the Louisiana Code of Civil Procedure. They provide, the following:
Art. 1546. Unemancipated minor, persons authorized to accept
 A donation made to a minor, not emancipated, must be accepted by his tutor. Nevertheless, either parent of the minor, or any ascendant of the minor, whether the minor is emancipated or not, or the tutor of the minor, may accept the donation for such minor whether such parent or ascendant is the donor, or the tutor of the whether such parent or ascendant is the donor, or the tutor of the minor or both. And a donation to be held in trust for the minor may be accepted by the trustee alone.
 Art. 4275. Donations to or by minor
 The tutor may accept donations made to the minor, but he cannot make donations of any property of the minor.
As can be gleaned from the above, there is no requirement that a minor child sign an "act of donation" accepting the donation of property, as long as it is signed by the appropriate parent, ascendant and/or tutor of the minor. You next ask whether the minor child is eligible for a homestead exemption on Property A.
Initially, it should be noted that the determination of whether a particular taxpayer may be exempt from the payment of ad valorem taxes is a factual determination exclusively reserved by the Louisiana Constitution and state law to the assessor, the Louisiana Tax Commission and, ultimately, the courts. Attorney General Opinion Nos. 99-281, 99-155, 97-100 and 94-603.
Further, the jurisprudence of this State has consistently held that constitutional and statutory grants of exemption from taxation must be strictly construed in favor of the taxing body, and against the taxpayer desiring the exemption. Zapata Haynie Corp. v. Larpenter,583 So.2d 867 (La.App. 1st Cir. 1991), writ denied. With these principles in mind, we focus now upon your second question.
As you are aware, Article VII, Section 20 (A) provides for the homestead exemption for homeowners, in pertinent part, as follows:
§ 20. Homestead Exemption
 Section 20. (A) Homeowners.
 (1) The bona fide homestead, consisting of a tract of land or two or more tracts of land with a residence on one tract and a field, pasture, or garden on the other tract or tracts, not exceeding one hundred sixty acres, buildings and appurtenances, whether rural or urban, owned and occupied by any person, shall be exempt from state, parish, and special ad valorem taxes to the extent of seven thousand five hundred dollars of the assessed valuation. . . .
 (2) The homestead exemption shall extend to the surviving spouse or minor children of a deceased owner and shall apply when the homestead is occupied as such and title to it is in either husband or wife but not to more than one homestead owned by the husband or wife.
As can be gleaned from the above, Section 20 requires that the property in question be "owned and occupied". The Constitution does not define the term "occupied". However, it is well settled that the property claimed as a homestead must be actually occupied as a residence by the owner claiming the exemption. Brantley v. Priutt, 175 La. 879, 144 So. 604
(1932). See also Attorney General Opinion No. 99-281.
In other words, one who claims an exemption from taxation must not only own the exempt property, but must actually occupy it as a residence.
With regard to the general definition of "domicile", Article 38 of the Louisiana Civil Code provides:
 The domicile of each citizen is in the parish where he has his principal establishment.
 The principal establishment is that in which he makes his habitual residence. . . .
As used above, the term "principal establishment", means the principal domestic establishment. Zinco v. Zinco, 204 La. 478,15 So.2d 859 (1943).
As noted above, the father has applied for homestead exemption on the Property B repurchased from his son. The judgment ordered that the minor children will "live and reside with the mother". Under the judicial and statutory guidelines and principals set forth hereinabove, it would appear that Property A, while owned by the minor child, is not occupied as a residence by the owner.
One could argue that Article VII, Section 20 (A) is ambiguous with regard to this issue. Assuming, arguendo, this to be the case, the interpretation of those charged with the administration of this constitutional provision over a period of time must be accorded great weight. State ex rel. Singelmann v. Morrison, 57 So.2d 238 (La.App. Orleans Cir. 1952), writ denied. In this regard, we note the following excerpts from an opinion rendered by the Louisiana Tax Commission on August 5, 1997:
 Thus, the first requirement of a residential homestead applicant is that he own the property. The second requirement is that "the property claimed as homestead must actually be occupied as a residence by the owner claiming the exemption" (Brantley v. Pruitt, 175 La. 179, 144 So. 604 (La. 1932). And, although an individual may have more than one residence, he/she may only have one domicile. "The law which fixes the domicile of each citizen at the place where his principal establishment is situated, means the principal domestic establishment." Moseley v. Dabezies, 142 La. 256, 76 So. 705 (La. 1917) (See: Art. 38, CC), wherein the Supreme Court further cited Hyman, Litchtenstein and Co. v. Schlenker and Hirsch, that "it is there [where] he sleeps, takes his meals, has established his household, and surrounded himself with his family and the comforts of domestic life."
We have been advised by representatives of the Louisiana Tax Commission that, for the reasons expressed hereinabove, it is their opinion that Property A does not qualify for a homestead exemption under the factual scenario presented in your request.
Trusting this will be of some assistance to you in carrying out your duties, I am
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH,3/sfj